WADLEY, JONES & COMPANY, plaintiffs in error, vs. HENRY P. JONES, defendant in error.

1. When there is no cause of action at the commencement of suit, there can be no recovery, although one accrue, respecting the same subject matter, while the suit is pending.

2. On a bill brought by a partner against his copartners for account and settlement as to a branch of the business which had been discontinued, and in respect to which the partnership had been dissolved, and also for a share of profits in a second branch of the business, not discontinued but in active progress, and in respect to which the partnership still subsisted, the jury having found, in effect, (and this finding being supported by the evidence) that the suit, when commenced, was groundless as to both branches of the business, a verdict in complainant's favor for a share of the profits which, pending the suit, accrued from the latter branch; is illegal; more especially as the bill did not seek, nor the verdict provide for, a dissolution of the subsisting partnership, a final settlement of the accounts, a discontinuance of the business, or a disposition of the assets.

3. A verdict against all of the defendants, which, as to some of them, is wholly unwarranted by the evidence, should not stand.

4. In a suit against copartners for a share of past profits, the verdict should be against those only who have received more than their proportion, unless some reason appears why the others should refund or contribute.

5. When, by common consent, all the members of a partnership charge certain of their number with the exclusive management of the business and with the collection and disbursement of all revenues, agreeing that the managing partners shall pay over to each of the others, separately, his share of the profits when dividends accrue, each member may sue separately, at law, for unpaid dividends, and there is no occasion for resorting to equity; but whether the suit for dividends be in one forum or the other, it must be brought in the county where the managing partners reside, as they alone are the real debtors, and the only necessary parties defendant.

6. Mere moral justice will not uphold a verdict. Courts administer legal justice, which has relation, not to the end only, but also to the means, and involves exemption from suit till there is a cause of action, and location of suit in the proper county, with full and fair opportunity for trial before the tribunal which the law appoints to take cognizance of the case.

Actions.   Partnership.   Verdict.   Jurisdiction.   Venue. Joint and several obligations.   Before Judge GIBSON.   Burke Superior Court.   May Term, 1874.

Reported in the opinion.

J. J. JONES;  CARSWELL & DENNY, for plaintiffs in error.

W. W. MONTGOMERY;  JAMES S. HOOK, for defendant.

BLECKLEY, Judge.

Concede to the complainant the position that he claims for himself; treat him as a partner by succession to his father, through purchase of his father's interest, and through recognition and acceptance by all the other members of the firm. Concede, also, that there was a firm styled Wadley, Jones & Company, and that it had, originally, two branches of business, a copartnership lumber business, and a copartnership railroad business.   Still, we think the complainant was not, in this suit, entitled to the verdict which the jury rendered in his favor.   The lumber business had been discontinued, and, as to it, the firm had been dissolved long before the complainant filed his bill.   The railroad business was still in progress.   As to it, there had been no discontinuance or dislution.   The bill covered the entire subject matter of the former business, and sought, in respect to it, a final account and settlement; but it had no such scope as to the latter business, being restricted to the complainant's due share in the net profits which had accrued therefrom, leaving the business to go on as it had done before.

1. It is a rule of law to which there is, perhaps, no exception, either at law or in equity, that to recover at all there must be some cause of action at the commencement of suit. With an existing cause to found upon in the beginning, in many cases matters arising pending the action, even down to the time of trial, may, under proper pleadings, be brought into the judgment or decree.   But there are reasons of public

policy, as well as of private justice, why there should be no needless haste in fomenting litigation, and why people who are in no default and have committed no wrong should not be summoned before the public tribunals to answer complaints which are groundless.

2. In the present case, the jury evidently disallowed all the complainant's demand for moneys arising out of the lumber business. They found, in effect, and, under the evidence, rightly found, that that business was fully accounted for. It is plain, also, that as to the railroad business, the verdict embraces only one partner's equal share in the one dividend of profits; and that dividend, according to the evidence, accrued and became subject to distribution among the several partners while this action was pending. The verdict puts an unmistakable negative upon every charge in the bill that imputes default to the defendants or any of them. And that negative is well justified by the evidence.

3. The verdict is against all of the defendants, and if otherwise unobjectionable, that alone would be cause for setting it aside; for, as against the Jones defendants, there is no evidence upon which to charge them with any part of the complainant's share of the dividend in question, even had it been due at the commencement of suit.

4. The evidence shows that by arrangement among all the copartners, the defendants, Wadleys, (M. & D. Wadley,) were to manage the railroad, collect its revenues, pay expenses, and after discharging certain debts, turn over, out of the net profits, from time to time, to each of the other partners, his equal share. It sufficiently appears that complainant's father, while a member of the partnership, assented to this arrangement; and no discontinuance or modification of it is shown. The Jones defendants have not overdrawn. They each received from the Messrs. Wadley, out of this dividend, the equal share to which they were respectively entitled. They have had nothing to do with complainant's share. No cause is shown why they should refund, or contribute; and they are under no obligation, legal or equitable, to stand bound for

the payment of that share, which is in the hands of the Messrs. Wadley alone.

5. In consequence of the consent arrangement first recited, the Messrs. Wadley, if in truth the complainant is a member of the firm in lieu of his father, can be made to answer by suit at law for any income from the railroad which they may wrongfully withhold, and to which he has right and title: 13*th Georgia Reports*, 451; Gow on Part., 11; Story on Part., section 192; 44*th Georgia Reports*, 454. With such a system of collection and division of profits, there is no occasion for going into equity to constrain payment; but in whatever forum brought, the suit for a share in one of these dividends, must, we think, be located in the county in which the Wadleys reside, (which seems to be Emanuel, not Burke, where the Messrs. Jones reside,) they being the real debtors and the only necessary defendants.

6. It may be said that the verdict rendered is for an amount admitted to be in hand, and therefore there would be no wrong done by leaving it to stand as against the Wadleys, setting it aside only as to the defendants, Jones: 49*th Georgia Reports*, 622. But courts administer legal justice, and that has relation to means and not alone to the end. It involves exemption from suit till there is a cause of action, location of suit in the proper county, and full and fair opportunity for trial before the tribunal which the law appoints to take cognizance of the case.

Judgment reversed.