## McCOWAN *et al. v.* BROOKS *et al.,* executors.

1. When a bill of exceptions recites that there was " a judgment of the court for the plaintiffs against defendants," and in the caption to the motion for a new trial which appears in the record there is a statement that the case was " tried before the judge without the intervention of a jury," the writ of error will not be dismissed on the ground that it does not distinctly appear by what authority the judge rendered the judgment without the intervention of a jury, when there is nothing in the record to indicate that the judge wrongfully assumed authority to decide a case which should have been submitted to a jury.

2. When the recitals in the ground of a motion for a new trial sufficiently indicate the character of the judgment rendered to enable this court to determine the assignments of error, it is not necessary that a copy of the judgment rendered should be specified in the bill of exceptions and transmitted in the record.

3. When a judge has passed an order distinctly approving a document as a brief of evidence in the case, an order passed subsequently to the date of the order approving the brief of evidence, reciting that the latter order is "extended for all purposes, and especially for the purpose of perfecting and filing for approval a brief of the evidence," will not alone have the effect to set aside the order approving the brief of evidence.

4. In order to authorize this court to reverse the judgment of the trial judge allowing an amendment to a petition, the record must distinctly disclose, not only that objection to the allowance of such an amendment was made at the time the same was allowed, but also the ground of such objection.

.5. An understanding between the owner of land and one who, having no interest to protect, pays off an incumbrance thereon, that the latter shall be given "a deed to the land," and shall "hold the land as collateral security," will not alone have the effect of subrogating the person discharging the incumbrance to the rights of the holder of the same.

Argued May 7, — Decided May 22, 1901.

Ejectment. Before Judge Spence. Decatur superior court. March 21, 1900.

*Bower & Bower* and *J. E. Donalson*, for plaintiffs in error.
*Townsend & Westmoreland*, by *Z. D. Harrison*, contra.

COBB, J. Brooks brought a common-law action of ejectment against McCowan. Bower and Donalson were, on their own motion, made parties defendant. By an amendment to the petition the real plaintiff set up certain equitable claims against Bower and Donalson. The trial resulted in a "judgment of the court, ordering the land to be sold, and giving the plaintiff a first and superior lien on the proceeds, to the extent of his debt against McCowan." The evidence disclosed the following state of facts: Cox sold to McCowan the tract of land in controversy, upon credit, giving to him a bond for title. On January 12, 1891, after a portion only of the purchase-money had been paid, McCowan delivered to Bower and Donalson a mortgage on the land, which was properly executed and recorded. This mortgage was foreclosed, and Bower and Donalson became the purchasers at the foreclosure sale on December 4, 1894. On November 18, 1891, Cox conveyed the land in controversy to McCowan by a deed which was properly executed and recorded. On November 20, 1891, McCowan conveyed the land in controversy to Brooks by "a plain, absolute, unconditional warranty deed," which was properly executed and recorded. McCowan borrowed the money from Brooks to pay the balance of the purchase-money due Cox; and while the deed from Cox to McCowan and the deed from McCowan to Brooks bear different dates, they were delivered contemporaneously. Brooks had no actual notice of the mortgage of Bower and Donalson. McCowan testified that when he got the money from Lytle, who negotiated the loan for Brooks, he told him he "wanted it to pay for that land, and Maj.

Brooks was to hold the land for collateral security." Lytle testified as follows: "As to the security that Mr. McCowan was to give, the understanding was that he was to give Major Brooks a deed to the land." The defendant made a motion for a new trial, which was overruled, and he excepted. While the writ of error was pending in this court Brooks died, and his executors were made parties to the case in his place. *McCowan* v. *Brooks,* ante, 384.

1, 2. A motion was made to dismiss the writ of error upon several grounds. It was insisted that the bill of exceptions was defective in that it failed to show that the case was submitted to the judge without the intervention of a jury, and that, even if it sufficiently appeared from the record that this was true, the writ of error should be dismissed because the bill of exceptions failed to specify the judgment rendered by the court, as a part of the record to be transmitted. The bill of exceptions recites that there was "a judgment of the court for the plaintiffs and against defendants"; and in the caption to the motion for a new trial the following appears: "Ejectment. Trial and Judgment for Plaintiff. Tried before the Judge without the intervention of a Jury." It is true that neither in the bill of exceptions nor in those parts of the record which are specified in the bill of exceptions is there contained any agreement between counsel that the case should be tried by the judge without the intervention of a jury, or any statement by the judge that there was such an agreement; but it is necessarily to be inferred from the recitals in the bill of exceptions, taken with what is stated in the caption to the motion for a new trial, that the case was treated by the court below as one properly submitted to the judge to be decided by him without the aid of a jury, and the presumption is that everything necessary to be done was done to give the court authority to deal with the case in this way, in the absence of anything in the record to show affirmatively that the court had improperly decided a case which should have been submitted to a jury. The judgment rendered by the judge was not specified in the bill of exceptions, and a copy of the judgment was not transmitted with the record. The bill of exceptions, as has been seen, distinctly recites that there was a judgment, and one ground of the motion for a new trial complains that "the judgment of the court, ordering the land to be sold and giving the plaintiff a first and superior lien on the proceeds to the extent of his

debt against McCowan, was error." The recitals of fact in the motion for a new trial having been certified by the judge to be true, enough appears from the recitals just made to show what was the general character of the judgment rendered; and such assignments of error as can be passed on, treating the judgment as of the character referred to in the recital just quoted, will be decided. The recital in the motion for a new trial as to the character of the judgment is in the present case, we think, sufficient to authorize this court to decide the assignments of error made in the motion.

3. The motion to dismiss the writ of error was upon the further ground that there was not in the record an approved brief of evidence. It appears that a motion for a new trial was filed during the term, and an order was granted allowing time to prepare a brief of evidence and present the same for approval. An amendment to the motion having been made and allowed, the judge, on November 15, 1899, passed an order reciting that the hearing of the motion had been continued to that date, and the movant had been granted until that time to perfect the motion and present to the judge for approval a brief of the evidence; the order containing the following language after the recitals above referred to: "The foregoing motion and all of the grounds, original and amended, are hereby approved and ordered filed, and said brief of evidence is also hereby approved and ordered filed." The hearing was continued until a subsequent date. On February 28, 1900, the judge passed the following order: "The foregoing order taken November 15, 1899, is hereby extended for all purposes, and especially for the purpose of perfecting and filing for approval and having approved brief of evidence, and for amending and perfecting motion for new trial." On March 21, 1900, the motion was overruled. It is contended that the order of February 28, 1900, was in effect an order revoking the approval of the brief of evidence contained in the order of November 15, 1899, and that when this approval was thus set aside the brief of evidence stood unapproved, and, there being nothing in the record to indicate that it was ever approved after February 28, 1900, the brief of evidence contained in the record is not an approved brief of evidence. We do not think that the order of February 28, 1900, had the effect of revoking the order approving the brief of evidence, but was simply a reservation by the judge of the right to revoke that order at the hearing, if he saw

proper to do so, on the ground that the brief of evidence which had been approved was not, for any reason, a correct brief. While the judge has a right to set aside and revoke an order approving a brief of evidence, when there appears in the record a distinct approval of the brief of evidence, it must appear in distinct terms that this approval has been set aside. A judgment setting aside such an approval will never be implied from subsequent orders of the judge, unless it clearly appears that such was the intention of the judge. Whenever there is doubt as to whether a judgment approving a brief of evidence has been set aside, the doubt should be resolved in favor of upholding the judgment as it appears in the record. The judge has a right to correct a brief of evidence at any time before the motion for a new trial is overruled, and this is true notwithstanding he may have approved the brief of evidence before that time. The order of February 28, 1900, simply gave to the judge a right which he already had, and as it does not appear in the record that he has exercised this right to change the brief of evidence, and nothing appears to indicate his dissatisfaction with the brief of evidence as approved by him on November 15, 1899, the brief of evidence thus approved will be dealt with as a correct brief of the evidence in the case.

4. The motion for a new trial contains the following ground: "The court erred in allowing the plaintiff to file in this case, by amendment or otherwise, equitable pleading setting up various equities by which they sought to overcome the legal title of defendants, as shown by said pleadings, over the objections of defendants." The amendment to the motion contains the following ground: "The court erred in allowing equity pleadings ingrafted on a plain action of ejectment, where only title was involved, and that title was attacked for usury." It does not appear in either of these grounds what was the objection made to the allowance of the amendment referred to, at the time the same was allowed. If it was intended to make the point that an amendment by the plaintiff setting up grounds for equitable relief could not be properly allowed in a common-law action of ejectment, an objection to the allowance of the amendment upon this ground should have been distinctly made, so that the court could have passed upon the objection thus raised. If it was conceded that under certain circumstances an amendment of this character might be allowed, and that the amendment offered

was objectionable as setting up a new cause of action, or for some other good and sufficient reason ought not to have been allowed, then the record should show that this objection was distinctly made and passed upon by the trial judge. From the recitals in the motion for a new trial it is as much a conjecture that the question intended to be raised was the one as it was the other; and as we can not know what question was made and decided by the trial judge in reference to the amendment, the grounds of the original and amended motion, above quoted, present no question for decision.

5. Treating the amendment to the petition as having been properly allowed, the question to be considered is whether the evidence offered by the plaintiff was sufficient to authorize a decree of the character therein prayed for. One who, having no interest to protect, voluntarily pays off an incumbrance upon the land of another, is not subrogated to the rights of the holder of such an incumbrance, unless there is an agreement, either express or implied, between the person discharging the incumbrance and either the debtor or the creditor, that he shall be subrogated to the rights of the incumbrancer. *Wilkins* v. *Gibson*, 113 *Ga.* 31. The testimony above set forth, which is all that appears in the record on this subject, does not show an express agreement to this effect, and is not of such a nature that an undertaking of the character required can be necessarily implied. To have a deed to land, and to hold the same as collateral is not necessarily inconsistent with a prior incumbrance. The evidence did not authorize the court to decree that Brooks was subrogated to the rights of Cox, and a new trial should have been granted upon this ground.

*Judgment reversed. All the Justices concurring.*