## HAMMOND v. MURRAY.

" In habeas-corpus cases for the custody of a minor, the paramount consideration is the welfare and happiness of the minor, and in determining that the trial court is vested with a large discretion."

The evidence in this case examined, and held to show no abuse of discretion by the trial court in awarding the custody of the minor to the defendant, the father of the minor. °

No. 2643. AUGUST 11, 1921.

Habeas corpus. Before Judge Clayton Jones. City court of Albany. April 22, 1921.

Mrs. W. A. Hammond filed a petition for habeas corpus against her father, L. D. Murray, to obtain the custody of Sarah Murray. Sarah Murray is the sister of the plaintiff and the daughter of the defendant. She is thirteen years old. The defendant had been twice married. The plaintiff and Sarah Murray are daughters of the defendant by his first wife. About ten years ago L. D. Murray was married a second time, and three children were born to him, the issue of this marriage. About four years ago the defendant, who was about to remove from this State, placed Sarah Murray in the care and custody of a female relative. After remaining with this relative for some time, the defendant through his second wife and the stepmother of Sarah Murray, directed Mrs. Barbre, a daughter of the defendant by his first wife, to take possession of the child. At this time the defendant was a resident of another State. Subsequently Sarah Murray went to live with the plaintiff, Mrs. W. A. Hammond, who resided in Bibb county, this State. Mrs. Hammond was appointed guardian of the person of Sarah Murray by the ordinary of Bibb county, Georgia. Sometime thereafter Sarah returned to Dougherty county to visit her sister, Mrs. Barbre. From the home of Mrs. Barbre she went to her father's home in Dougherty county, who in the meantime had returned to the State. The judge of the city court of Albany, before whom the application for habeas corpus was brought, after hearing evidence, awarded the custody of the child to the defendant, L. D. Murray, and Mrs. Hammond excepted.

*Claude Payton,* for plaintiff. *H. A. Peacock,* for defendant.

GEORGE, J. (After stating the foregoing facts.) The chief insistence of the plaintiff in error is that the judgment of the ordinary of Bibb county, appointing the plaintiff in error guardian of the person of Sarah Murray, is not open to collateral attack.

The defendant in error testified in effect that he was a non-resident of the State at the time of the appointment of the plaintiff in error as guardian of the person of Sarah Murray; that he had not abandoned Sarah Murray, and had not failed to provide for her support and maintenance; that he had no notice or knowledge whatever of the application for letters of guardianship. The plaintiff in error, in addition to other evidence, introduced the letters of guardianship issued to her; and the exception is that the court abused his discretion in awarding the custody of the minor to the defendant in error, since the legal right to the custody of the minor was in plaintiff in error as the guardian of the person of the minor, and the order appointing plaintiff in error as such guardian could not be collaterally attacked. No objection was made to the introduction of the evidence of the defendant in error indicated above, so far as the record discloses. The right of the defendant in error to attack collaterally the judgment of the ordinary was not therefore directly questioned. No ruling of the court upon the precise question was invoked. The trial court may have considered the legal right to the custody of the minor to be in plaintiff in error, and may have given no consideration to the evidence of the defendant in error, recited above. While the evidence in the record strongly indicates that plaintiff in error is a proper person to have the care and custody of her sister, and the evidence to the contrary is meager, there is some evidence tending to show that she was not a proper person to have the care and custody of the minor. There was also evidence tending to show that the father was a proper person to have the care and custody of his child, and that he was able to provide for the child in a manner suitable to her station in life. Upon the well-recognized principle that in habeas corpus for the custody of a minor the chief consideration is the welfare and happiness of the minor (*Lamar* v. *Harris,* 117 *Ga.* 993, 994, 44 S. E. 866), the trial court in the exercise of the large discretion vested in him may have awarded the custody of the minor in this case to the father, though recognizing the legal right of the plaintiff in error to the custody of the child by virtue of her appointment as guardian of the person of the minor. Upon a careful consideration of the evidence in the record, this court will not reverse the judgment of the trial court.     *Judgment affirmed.     All the Justices concur.*