PRUITT *v.* BUTTERFIELD.

No. 13118. JANUARY 10, 1940.

*Jackson & Garner,* for plaintiff in error.
*Fudge & Hamrick,* contra.

DUCKWORTH, Justice. C. J. Pruitt filed a petition alleging that his wife, Mrs. R. L. Butterfield, instituted habeas corpus proceedings in Fulton superior court for the custody of their two named minor children; that on July 15, 1938, judgment was rendered, awarding custody of the children to the father, a resident of this State, but providing that the mother, who was a resident of the State of Florida, should have custody of the children for thirty days during the summer of each year; that the portion of the judgment giving custody to the non-resident mother is void, in that the court by such provision divests itself of jurisdiction, and petitioner fears and believes that if the mother is permitted to carry the children beyond the limits of the State she will not obey the judgment of the court, but will refuse to return the children to the jurisdiction of the court. The prayer is that the judgment awarding custody be modified to permit the mother to have custody for thirty days each year on condition that they be kept within this State, and that the provision of the judgment authorizing their removal to another State be stricken. On the hearing the court denied the prayers of the petition and refused to modify the judgment, and the petitioner excepted.

In all habeas corpus cases for the custody of a wife or child, the court, on the hearing, is authorized and required to exercise a sound discretion in awarding custody, and is empowered to give custody of a child to a third person. Code, § 50-121. In all cases where the custody of any minor child or children is involved between the parents, the court hearing the same must exercise a sound discretion, giving consideration to all the circumstances of

the case, as to whose custody such child or children shall be awarded; and it is the duty of the court in all such cases, in exercising such discretion, to look to and determine solely what is to the best interest of the child or children and what will best promote their welfare and happiness, and make award accordingly. § 74-107. Thus it is seen that the statute imposes upon the court in such matters the duty of making its award of custody in accordance with the best interests of the child; and that this consideration alone must control the judgment of the court. Any rule of law that would defeat this single purpose would be contrary to the statute, and could not be sustained. The sole complaint of the plaintiff in error is that the judgment awarding custody authorized the mother of the children to take them to her home in the State of Florida and beyond the jurisdiction of the court. It is contended that the court could not thus deprive itself of jurisdiction. Such argument makes the question of the court's retaining jurisdiction the paramount consideration in rendering judgment, whereas the statute explicitly directs that the paramount and sole consideration shall be the welfare of the child. If plaintiff's contentions were true, the mandate of the statute might easily be defeated. By such a rule a non-resident parent found by the court to be worthy in every respect to have custody of the child would be denied custody because of non-residence alone, while a less worthy parent, whose custody would fail to promote the best interest of the child, would be given custody, all because of the rule requiring residence within the jurisdiction of the court. No evidence is contained in this record, and in view of the judgment of the court it is conclusively presumed that the evidence on the trial showed the mother to be worthy and a proper person, in the judgment of the court, to have custody of these children, and in that situation it was a matter entirely within the discretion of the court as to whether the welfare of the children would be insured by letting the mother have custody as provided, and it was discretionary with the court as to whether a bond by the mother for their return to the jurisdiction of the court would be required.

In Parrish v. Parrish, 116 Va. 476 (82 S. E. 119, L. R. A. 1915A, 576), the Supreme Court of Appeals of Virginia held that the trial judge should not have required bond from the non-resident parent to whom custody of the minor child was awarded for

a few months of each year. That court said, that, having found the parent to be a proper person to have custody of the child, the requirement of bail indicated apprehension on the part of the court that such parent would abduct the child, violate his faith with the court, and be guilty of contempt of its authority, and stated: "We can not think that such conduct is to be apprehended upon the part of one who has established himself as a man of character in the communities in which he has resided, and we can not reconcile it to our sense of right to require a father to enter into bond with surety not to commit a crime as a condition upon which he should have, for a limited period of each year, the society of his only son." But we believe under our statute it is solely in the discretion of the judge as to whether bond will be required in such cases. In Watkins v. Rose, 115 S. C. 370 (105 S. E. 738), a habeas corpus proceeding, the trial court after hearing the testimony found that neither of the parents was a fit custodian for the child, and awarded its custody to Mrs. Sherman, of Valdosta, Georgia. The contention was made that the court had no jurisdiction to award the custody of the child to one who resides beyond the jurisdiction of the court. The court held this contention to be untenable, saying: "It is true as a general rule that wards of the court should not be carried beyond the jurisdiction without consent of the court. But here the consent of the court was necessarily implied, because the court knew that Mrs. Sherman resided without the jurisdiction when the custody was awarded to her. The question as to whether she should not have been required to give bond to return the child to the jurisdiction of the court, on proper occasion and demand, does not arise, because it does not appear that the court was asked to require such a bond. . . The power of the court to do what is best for the child includes the power to send him or permit him to be taken beyond the State. To deny that power is to deny the power of the court to do what is best for the child. It may be better in most cases to require a bond for the return of the child, on proper occasion and demand. . . But that must be left to the discretion of the court. To make the requirement absolute might prevent the court's doing that which is best for the child." We think the South Carolina court stated the rule that is applicable under our statute.

Nothing in this record indicating that the evidence did not au-

thorize the judgment complained of, the court did not err in overruling the motion to modify the same.

*Judgment affirmed. All the Justices concur.*