## WILLINGHAM *v.* WILLINGHAM.

No. 13696. JUNE 16, 1941.

*Chalmers, Jackson & Garner,* for plaintiff in error.
*Heyman & Heyman,* contra.

REID, Chief Justice. The present writ of error involves a controversy between the parties concerning the custody of their two minor children. In 1929 a divorce was granted "between the parties," and the mother was given the custody of the children, with alimony. In October, 1935, the father petitioned the court for their custody, setting up as grounds therefor the inability of the mother to care for them, due to illness that had resulted in her commitment to the Milledgeville State Hospital. Service of this petition was made on the mother's duly appointed guardian; and in November, 1935, on the day set for hearing the court passed an order in part as follows: "It appearing to the court that it is to the best interest and for the welfare of said minor children that the custody of said children be granted" to the father, "it is therefore ordered . . that" he "be awarded the custody of said two minor children . . until further ordered." In July, 1938, the mother petitioned the court to set aside and vacate the above order, and that the children be awarded to her; it being alleged that she had recovered from her illness and was able to care for the children. She dismissed this petition on August 27, 1940. On the day following she filed another petition with the prayer that the order entered in November, 1935, "be abrogated of record, and that the custody of said children . . be returned to [her] in accordance with the verdict of jury and decree dated March 7, 1929." The

father filed a response, and after a hearing wherein much evidence was submitted, including the testimony of the parties and the two minor children, the judge declined "to abrogate the order . . entered Nov. 14, 1935," and ordered "that the legal custody of the two minor children . . be and continue to be" in the father "until further order of the court," with the right in the mother to visit the children and have them visit her at reasonable times. To this order exceptions are now taken.

■ In cases between parties involving the custody of their minor children, the rule is established that the judge exercises a sound legal discretion, looking to the best interest of the child or children, and that this court does not interfere with his judgment unless that discretion appears to have been abused. Code, §§ 30-127, 50-121, 74-107; *McDowell* v. *Gould,* 166 *Ga.* 670 (144 S. E. 206). We of course recognize it as settled law in this State that the doctrine of res judicata applies in such cases, and that when an award has been made the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting the interest and welfare of the children. *Lockhart* v. *Lockhart,* 173 *Ga.* 846 (162 S. E. 129), and cit.; *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294) ; *Slate* v. *Coggins,* 181 *Ga.* 17 (181 S. E. 145). But to make a proper application of this principle in the present case operates in favor of the father, and not, as contended by her counsel, in favor of the mother. The last order actually entered, awarding the custody of the children, before the order now the subject of review, was that of November 14, 1935, awarding the children to the father. Counsel puts forth the argument that the order of November 14, 1935, was temporary and provisional, and that it amounted simply to an award of the custody of the children to the father so long as the mother remained ill or until she recovered from her disability; and that since it appears without dispute that she had been released from the hospital, and the ordinary had discharged her guardian under the Code, § 49-609, the order of November 14, 1935, expired and the original decree remained in full force. The order, however, contains no condition of the character mentioned, and in our view is not so limited in effect, but on the contrary was a permanent adjustment of the custody of the children upon the facts as they existed at the time it

was entered. The clause "until further ordered" did not deprive the order of its finality. See *Scott* v. *Scott,* 154 *Ga.* 659 (2) (115 S. E. 2).

It is further insisted, that in August, 1938, the parties appeared before the judge for the purpose of having a hearing on the mother's petition filed in the previous month, seeking restoration of the custody of her children; that, without the hearing being held, the father consented to her taking the children; and that she did so with the knowledge and approval of the judge, and, with the exception of nine months in 1939 and 1940 while they were away at school under a consent order passed by the judge, they lived with her until the latter part of August, 1940, when they left her and went to the home of their father. As we understand it, counsel's argument in this connection is in substance that this action of the judge permitting the mother to take the children, and her custody of them thereafter for approximately two years, should be taken as equivalent to an order abrogating the judgment entered in November, 1935, under which the father was entitled to their custody, and awarding the custody of the children to the mother, so that under the doctrine of res judicata the judge was bound to award the children to her unless a material change of circumstances since that time was shown, which it is asserted was not done. In this connection the testimony of the judge before whom the matter was then pending, and that of the father, corroborated by counsel who represented the mother at that time, shows that there was no final agreement or order giving the mother the permanent custody of the children, but that she was merely permitted to take them until the matter might thereafter, and at a more favorable time for all the parties, be finally disposed of. The judge testified, that he did not make any ruling as to the custody of the children, and that he did not intend that the matter be finally disposed of in favor of the mother, but that he considered it the best course, under the circumstances as they existed at that time, to make no final disposition of the matter; and further, that if he had been presented with an order awarding the custody of the children to the mother he would have declined to sign it, and had in fact declined, in July, 1940, to sign an order nunc pro tunc as of the time of such hearing in 1938, awarding the children to the mother, which was presented to him by counsel now representing the mother. In

view of these facts the argument of counsel can not be upheld. This disposes of the contention that there had been such a voluntary surrender of the children by the father to the mother as would be binding under the Code, § 74-108(1). Even had it appeared that the judge awarded the custody of the children to the mother at the hearing in 1938, so that an award could not be made to the father except upon new and material circumstances substantially affecting the best interest and welfare of the children, we could not say that his judgment was unauthorized. We do not deem it needful to discuss the evidence. It appears clear to us that the judge has not abused his discretion.

█ Complaint is made of the action of the judge in excluding the parties from the court-room while the children were testifying. It appears that the children were present at the instance of the judge, and were examined by him. Counsel for the mother was given the privilege, and did examine them. It is true that parties as a general rule have the right to be present at all stages of the trial. 2 R. C. L. 1014, 1015; *St. Paul Fire & Marine Insurance Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786 (39 S. E. 483); *Boutelle* v. *White,* 40 *Ga. App.* 415 (149 S. E. 805). Cf. *Atlantic & Birmingham Ry. Co.* v. *Cordele,* 125 *Ga.* 373 (4) (54 S. E. 155). Nevertheless in a proceeding of the present character, determinable by the judge without the intervention of a jury, where the principal consideration is for the present and future welfare of the children, and which is not to be strictly governed by rules applicable in ordinary trials (cf. *Southern Cotton-Oil Co.* v. *Overby,* 136 *Ga.* 69 (70 S. E. 664); *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305, 43 S. E. 780, 61 L. R. A. 739), we do not think that it was beyond the discretion of the judge to exclude both parties from the court-room while the children were testifying, where the attorneys representing the parties were allowed to remain, with the privilege of examining them. We can not see how this could possibly have operated to the injury of either party. See 46 C. J. 1253.

We find no error in any of the assignments of error.

*Judgment affirmed.  All the Justices concur.*