ATTAWAY *et al. v.* ATTAWAY.

No. 14244.   SEPTEMBER 15, 1942.

*J. Roy Rowland* and *Emory L. Rowland,* for plaintiffs in error.
*C. S. Claxton,* contra.

REID, Chief Justice.   This is a habeas-corpus case brought by
the mother of a minor child.   The defendants are the child's
father and the father's parents.   The father and mother of the
child were divorced a short time before the present proceeding was
instituted.   In her petition for divorce the wife alleged "That the
defendant and his parents are financially able to support the child,
and she [the plaintiff] has no objection to the custody of the child
being awarded to the defendant, she being unable to support the
child and care for it at this time."   This allegation was stricken
by amendment before the divorce decree, and there was no award
of custody made in that proceeding, although at that time and since
then the child was in the custody of the defendants.

The judgment here excepted to awarded the child to the plain-
tiff.   It was entered after the judge had heard evidence as to the
fitness of all the parties who claimed custody.   "In all cases where
the custody of any minor child or children is involved between the
parents, there shall be no prima facie right to the custody of such
child or children in the father, but the court hearing such issue of
custody may exercise its sound discretion, taking into consideration
all the circumstances of the case, as to whose custody such child or
children shall be awarded, the duty of the court being in all such
cases, in exercising such discretion, to look to and determine solely
what is for the best interest of the child or children, and what will
best promote their welfare and happiness, and make award accord-
ingly."   Code, § 74-107.   "While formerly the father was entitled
to the custody of his children during their minority, now in all

cases involving the custody of any minor child between parents there is no prima facie right to the custody of such child in the father; but the court having the issue of custody before it may exercise its sound discretion, taking into consideration all the circumstances of the case in deciding to which of the parents the custody of the child shall be awarded, it being the duty of the court in exercising such discretion to determine solely what is to the best interest of the child." *Lockhart* v. *Lockhart,* 173 *Ga.* 846 (162 S. E. 129).

The plaintiff in error contends, however, that the foregoing principles do not here apply, because in her original petition the wife had in effect relinquished her right to custody. This contention can not be sustained. At most the statement in her petition, subsequently withdrawn by amendment, was merely a voluntary expression on her part, and referred only to her inability to care for the child "at this time." Her apparent willingness to an award at that time was not acted upon, because no award was made. But even if it had been made, she would not be subsequently barred from showing "a change of circumstances affecting the welfare of the child," and thereby obtaining custody. *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294); *Slate* v. *Coggins,* 181 *Ga.* 17 (181 S. E. 145). Under these principles the judge was authorized, in his discretion, to make the award as he did. See *Chapin* v. *Cummings,* 191 *Ga.* 408 (12 S. E. 2d, 312), and cit.

*Judgment affirmed. All the Justices concur.*