*Hatcher & Hatcher* and *J. Madden Hatcher,* for defendant.

## JORDAN *v.* JORDAN.

No. 14489.   APRIL 15, 1943.

*Hammond, Kennedy & Yow,* for plaintiff in error.

*Pierce Brothers,* contra.

JENKINS, Justice. On a habeas-corpus petition by the mother of a boy eleven years of age, against her husband, living separately from her without a divorce, the judge awarded custody of the child to the mother, but expressly provided, that, "with a view solely for the best interest of said child, the jurisdiction of said cause is retained," and that this order should "continue until the further order of the court." To this order there was no exception. Three months later, the father filed a petition, which was entitled in the same case, to change the custody of the child, on the grounds that the mother had neglected the feeding and proper education. of the child, and that her "unstable nervous condition" was and would be detrimental to the child. There was no averment and no evidence as to any change in the status of the parties since the previous order, other than as to education and feeding, upon which the testimony of the husband was controverted by the testimony of several witnesses, including the boy himself, to the effect that he had gained several pounds and was happy in the care of the mother, and that she was doing all that could be done for his education in sending him to a public school and having him specially coached by his teacher. There was no showing that the mental condition of the mother had changed, or that she had ever been adjudged mentally incompetent. The judge continued the mother's custody, but, as in the original order, retained jurisdiction, and provided that the order continue in force until the further order of the court. Whether or not the rule of res judicata as to the binding force of the previous judgment would apply in a case such as this, where jurisdiction was retained and the order was provisional, and where the evidence did not demand a finding for the father on the only alleged changes in condition, the judge did not abuse his discretion in permitting the mother to retain custody, since the testimony did not demand a finding that the welfare of the child would be best served by changing his custody to the father, and thus removing the child to another State and placing him there in the home of the father's kindred or in a school.

*Judgment affirmed. All the Justices concur.*