## HANDLEY v. HANDLEY.

No. 16276. JULY 15, 1948.

*E. F. Strozier* and *McDonald & McDonald*, for plaintiff.

*J. W. Dennard*, for defendant.

CANDLER, Justice. The exception here is to a judgment of the Superior Court of Wilcox County, awarding the custody of two minor children to the mother. It is contended by the father that the judgment was contrary to the law and the evidence because the children named in his petition for the writ of habeas corpus

had been previously awarded to him by a judgment of the Superior Court of Glynn County, rendered March 25, 1945, based on a habeas corpus proceeding against the mother, and that such judgment was res judicata on the question of custody, since the evidence introduced at the present hearing failed to show such a change in condition of the parties as would authorize the subsequent change of custody. The first habeas corpus proceeding was instituted by the father a few days after the mother's action for divorce was dismissed. Prior thereto the parties had lived in a state of separation for approximately 18 months. A few days after the judgment was rendered in the habeas corpus proceeding, the parties resumed marital relations. They then resided in several different cities before moving to Thomaston, Georgia, in May, 1946. There they lived in a trailer camp and worked at a cotton mill. The father's hours at the mill were from four o'clock p. m. until midnight, and the mother's from midnight until eight o'clock a. m. They lived and worked under these conditions until September, 1946, when the mother took the two children to the home of her mother in Wilcox County, Georgia. She testified that her husband was quarreling and told her to leave. The father testified that she left while he was asleep and that he did not know where she was until he later received a wire from her; that his letters were unanswered, and he went to see his family on Christmas Eve, 1946, and while there his wife attempted to have him indicted for kidnapping and swore out a warrant for abandonment. By agreement of the parties the husband then began to pay $30 every two weeks for the support of the children, and continued the payments until August, 1947. The abandonment charge was renewed and all back payments were then made up, and a nolle prosequi was entered on the indictment. A third child was born in April, 1947, for whom no extra allowance has been made by the father. The mother testified that she and the children are now living with her mother on a farm, and that the oldest child attends school regularly; that the children are in good health and "getting on good."

In a habeas corpus proceeding involving a contest between parents over the custody of minor children, the paramount issue is the welfare and best interest of the children, and an award

made by the judge, based upon the evidence and in the exercise of a sound discretion, will not be controlled by this court. Code, §§ 50-121, 74-106, 74-107; *Lamar* v. *Harris*, 117 *Ga.* 993 (44 S. E. 866); *Willingham* v. *Willingham*, 192 *Ga.* 405 (15 S. E. 2d, 514); *Attaway* v. *Attaway*, 194 *Ga.* 448 (22 S. E. 2d, 50). Such a judgment is conclusive between the parties, and the principle of res judicata is applicable unless a material change of circumstances substantially affecting the welfare and best interest of the children is made to appear. *Barlow* v. *Barlow*, 141 *Ga.* 535 (81 S. E. 433, 52 L. R. A. (N. S.) 683); *Jordan* v. *Jordan*, 195 *Ga.* 771 (1) (25 S. E. 2d, 500). A change of circumstances that would render a prior judgment inconclusive is not necessarily limited to a change in the moral or financial condition of the parent to whom the initial award was made, but includes any new and material change in the circumstances of either parent or of the children, which might substantially affect the health, happiness, or welfare of the children. "While judgments in habeas corpus proceedings instituted by parents to secure the custody of their minor children are conclusive upon them, such conclusiveness relates to the status existing at the time of the rendition of such judgments. Change of status may authorize a different judgment in a subsequent proceeding. . . The capacity, ability, or fitness of the party to whom the child was awarded in the previous proceeding may thereafter become entirely different. The status of both such parties and the child may have changed. Change of circumstances may render a change necessary in order to promote the health, happiness or welfare of the child. *Williams* v. *Crosby*, 118 *Ga.* 296 (45 S. E. 282)." *Lockhart* v. *Lockhart*, 173 *Ga.* 846 (162 S. E. 129). See also *Kirkland* v. *Canty*, 122 *Ga.* 261 (50 S. E. 90); *Sells* v. *Sells*, 172 *Ga.* 911 (159 S. E. 237); *Milner* v. *Gatlin*, 143 *Ga.* 816 (85 S. E. 1045, L. R. A. 1916B, 977).

In the present case, the evidence was amply sufficient to show such a material change in circumstances substantially affecting the welfare and best interest of the minor children as would render the judgment awarding the custody of the children to the father in the initial habeas corpus proceeding inconclusive on the parties, and the judge did not abuse his discretion in awarding custody of the children to the mother.

60

*Judgment affirmed. Jenkins, Chief Justice, Duckworth, Presiding Justice, Atkinson, Wyatt, and Head, Justices, and Judge A. M. Anderson, concur.*