GOOD *v.* GOOD; *et vice versa.*

Nos. 16558, 16588.   MARCH 16, 1949.

114

*Milton A. Carlton,* for plaintiff in error.

*G. C. Dekle Jr.,* and *Charles B. Ridley,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) ■ This court has held many times that, in a habeas corpus proceeding involving a contest between parents over the custody of minor children, the award made by the trial judge based upon the evidence, and in the exercise of a sound discretion, will not be controlled by this court. This is true for the reason that the law puts upon the trial judge the duty of exercising a sound discretion in such cases, looking always to the best interest and welfare of the children. He has the parties before him, he sees and hears the witnesses testify, and is in a much  better position to determine what is to the best interest of the children

than is this court, which must rely only upon the record. *Weathersby* v. *Jordan,* 124 *Ga.* 68 (2) (52 S. E. 83).

After a careful examination of the brief of evidence in this case, which, as pointed out in the statement of facts, consists of 138 pages, we can not say that the trial court abused its discretion. Code, §§ 50-121, 74-106, and 74-107; *Handley* v. *Handley,* 204 *Ga.* 57 (48 S. E. 2d, 827); *Lamar* v. *Harris,* 117 *Ga.* 993 (44 S. E. 866); *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d, 514); *Attaway* v. *Attaway,* 194 *Ga.* 448 (22 S. E. 2d, 50).

While it is true that the award of the custody of the children to the father for a part of the time permits them to be taken out of the State, the court in its judgment specifically provided as a condition precedent to the removal of the children from the State that the plaintiff give· a good and sufficient bond in the sum of two thousand dollars, to be approved by the clerk of the court, conditioned upon his compliance with the order of the court for the return of the children to its jurisdiction at the times specified in the order, or at any other time when called upon by the court so to do, and we can not hold that this judgment constituted an abuse of discretion. *State* v. *King,* 1 *Ga. Dec.* 93; *Pruitt* v. *Butterfield,* 189 *Ga.* 593 (6 S. E. 2d, 786); *King* v. *King,* 202 *Ga.* 838 (2) (44 S. E. 2d, 791).

■ In both the main and cross-bills of exceptions error is assigned because the trial court, after having heard evidence all day, consisting of oral testimony, documentary evidence and affidavits, made the following announcement and ruling: "The Court: It is getting late, and I have another engagement tomorrow and I can not continue this hearing at that time. I have heard enough evidence in this case to pass on it and so we will now conclude the hearing."

It is insisted by counsel for both the plaintiff and the defendant that they had other witnesses present whom they desired to introduce, and so informed the court. However, the assignments of error complaining of this ruling by the trial court, which was made at the hearing on October 21, 1948, were not presented to the trial court in the main bill of exceptions until December 16, 1948, and in the cross-bill of exceptions until January 24, 1949, and no exceptions pendente lite were presented at any time by

counsel for either of the parties, complaining of such ruling. These exceptions come too late and present no question for consideration by this court. Code (Ann. Supp.), §§ 6-902, 6-905; *Callan Court Co.* v. *Citizens & Southern National Bank,* 184 *Ga.* 87 (1) (190 S. E. 831); *Beavers* v. *Williams,* 199 *Ga.* 113 (1) (33 S. E. 2d, 343); *Southern Bell Telephone & Telegraph Co.* v. *Georgia Pub. Serv. Comm.,* 203 *Ga.* 832 (1) (49 S. E. 2d, 38).

*Judgment affirmed on both the main and cross-bills of exceptions. All the Justices concur.*