## ADAMS *v.* ADAMS.

CANDLER, Justice. The present writ of error involves a controversy between the parties concerning the custody of their minor children. After a divorce was granted "between the parties," custody of their three minor children was awarded to the mother, and the father excepted. *Held:*

1. "In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may exercise its sound discretion, taking into consideration all of the circumstances of the case, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly." Code, § 74-107; *Lockhart* v. *Lockhart,* 173 *Ga.* 846, 852 (162 S. E. 129); *Pruitt* v. *Butterfield,* 189 *Ga.* 593 (6 S. E. 2d, 786); *Kniepkamp* v. *Richards,* 192 *Ga.* 509, 510 (6) (16 S. E. 2d, 24).

2. Where the trial judge has exercised his discretion in making an award of minor children as between divorced parents, as in this case, this court will not interfere to control his judgment, unless the evidence clearly shows an abuse of the discretion vested in him. *McDowell* v.

*Gould,* 166 *Ga.* 670 (144 S. E. 206); *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d, 514); *Bignon* v. *Bignon,* 202 *Ga.* 141 (42 S. E. 2d, 426); *Lynn* v. *Lynn,* 202 *Ga.* 776 (44 S. E. 2d, 769). And an award of custody based upon conflicting evidence does not of itself show an abuse of discretion. *Atkinson* v. *Atkinson,* 160 *Ga.* 480 (128 S. E. 765); *Kelly* v. *Kelly,* 146 *Ga.* 362 (91 S. E. 120).

3. Under the evidence in the present case, though conflicting, it can not be said as a matter of law that the trial judge abused his discretion in making the award complained of; consequently, his judgment will not be controlled by this court. It was his duty to make an award of custody which would best promote the welfare and happiness of the children involved, and his finding upon that issue, as the record shows, is abundantly supported by evidence.

*Judgment affirmed. All the Justices concur.*

No. 17084. MAY 10, 1950.

*F. L. Breen* for plaintiff.