18272. KLEBOLD *v.* KLEBOLD, *alias* VENTURIS.

HEAD, Justice. 1. "In a contest between the father and mother over the custody of a minor child in a habeas corpus proceeding the welfare of the child is of paramount consideration, and an award made by the judge based upon the evidence and in the exercise of a sound discretion will not be set aside." *Attaway* v. *Attaway,* 194 *Ga.* 448 (22 S. E. 2d 50); *Pruitt* v. *Butterfield,* 189 *Ga.* 593 (6 S. E. 2d 786); *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d 514).

2. Under the evidence in this case, both parents had been delinquent in performing their legal and moral obligations to their minor child. The judgment of the trial judge, finding that it is to the best interest of the child to remain with her mother, was not without evidence to support it.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

SUBMITTED JULY 14, 1953—DECIDED SEPTEMBER 14, 1953.

Habeas corpus. Before Judge Guess. DeKalb Superior Court.

*W. Harvey Armistead,* for plaintiff in error.

*Guy Tyler,* contra.

In the present case the father of a minor child brought habeas corpus proceedings to obtain the custody of the child from the mother, who had been awarded custody in a divorce action between the parents. The father alleged that the mother had become unfit to have the care of the child since the date of the divorce decree.

On the trial of the issue, considerable evidence was introduced to show that the mother had not lived an exemplary life since the time when the custody of the child had been awarded to her. There was also evidence that the father had not completely fulfilled his obligation to pay alimony for the support of the child during a part of the period since the decree in the divorce case, and that he had entirely failed to support the child a part of the time. The evidence indicated that for approximately six months prior to the institution of the habeas corpus proceedings the mother had provided the child with a wholesome environment.