### 19863. DANIELS *v.* DANIELS.

WYATT, Presiding Justice. Peggy Daniels filed her petition, in Fulton Superior Court for the writ of habeas corpus against O. S. Daniels, Jr., in which she sought custody of a minor son of the parties. She alleged in substance that in September, 1954, in a divorce proceeding in the State of Texas, custody of the child was awarded to the father during the school months of the year, and to the mother during the summer months; and that, at the close of the school year, June, 1957, the father refused to deliver custody of the child to the mother.

The father filed his answer and cross-petition in which he admitted the Texas decree as alleged and that he had refused to deliver the child to the mother, and prayed that the child be awarded to him unconditionally. As the basis of this prayer, he alleged a change in condition affecting the welfare of the child since the rendition of the Texas decree. The trial judge, after hearing evidence, awarded custody of the child to the father. The exception here is to that judgment. *Held:*

"A decree of divorce in another State, in which the custody of the child is awarded to the father, is conclusive as between the parties to the decree as to his right and fitness for such custody at that time, but is not conclusive for all time. In a subsequent proceeding by habeas corpus for the possession of the child, between the parties to the decree, evidence as to the unfitness of the father will be confined to matters transpiring subsequently to the decree." *Milner* v. *Gatlin,* 139 *Ga.* 109 (76 S. E. 860). The father in the instant case alleged that the mother, since the rendition of the Texas decree, had become an unfit person to have custody of the child for the reason she had become addicted to the regular use of alcoholic drinks to excess; that she had lived with a man to whom she was not married; and that she had neglected the child in many ways. While the evidence was conflicting, the trial judge was authorized to find all of these allegations to be true. There was no evidence that the father was not a fit and proper person to have custody of the child. Under repeated rulings of this court, the discretion of the trial judge will not be disturbed in such circumstances. It follows, the judgment complained of was not error.

*Judgment affirmed. All the Justices concur.*

Argued October 15, 1957—Decided November 8, 1957.

*Rache Bell,* for plaintiff in error.
*James H. Neal, Joseph B. Kilbride,* contra.