### 20938. STEPHENS v. SUDDERTH.

Duckworth, Chief Justice. This action is one for custody of minor children, in which the mother seeks custody of one minor child already in her possession and also of the other child in the custody of the father, which he allegedly refused to return to the mother after a visit. The petition alleges that the court awarded custody of both children to the father after the divorce of the parents, but that there has been a change of circumstances affecting the interest and welfare of the children, to wit: (1) the surrender and abandonment of the minor children by the father, giving the mother complete custody and control; and (2) improvement of the petitioner's health and emotional status since the award of the children to the father to the extent that she is now able to care for and maintain the children. Demurrers were filed, and after a hearing a general demurrer was sustained allowing the petitioner 15 days in which to amend. The amendment thereafter offered enlarged upon the changes of circumstances above and added that the father (1) had breached the agreement whereby he was given custody and control, (2) is an unfit and improper person because of his health and nervous condition to care properly for the children, and the children have become adjusted to living with their mother, and it is to their best interest and welfare that they continue to live with their mother. Thereafter, the defendant filed a motion to dismiss, claiming that the final court decree unexcepted to, awarding custody to the father,

could not be modified, and that Georgia Laws 1955, p. 360, permitting a modification and change, is unconstitutional and void. (Georgia Laws 1955, p. 360, refers to urban renewal powers, which has no bearing on the subject matter of custody of children, although at page 630 is found a statute referring to modification of alimony judgments). The motion was heard and sustained, and the case dismissed. The exception is to this judgment. *Held:*

1. While the judgment fixing custody of children where a divorce is granted is conclusive between the parties and the principle of res judicata is applicable, where a petition is brought in the nature of a habeas corpus, alleging material changes of circumstances substantially affecting the interest and welfare of the children, such proceding is an independent one and is not an effort to modify the original decree. Code (Ann.) § 74-107 (Ga. L. 1957, pp. 412, 413); *Richards v. McHan,* 139 Ga. 37 (76 S. E. 382); *Handley v. Handley,* 204 Ga. 57 (48 S. E. 2d 827); *Madison v. Montgomery,* 206 Ga. 199 (56 S. E. 2d 292); *Hicks v. Buffington,* 209 Ga. 719 (75 S. E. 2d 560); *Gibbs v. North,* 211 Ga. 231 (84 S. E. 2d 833); *Perry v. Perry,* 212 *Ga.* 668 (95 S. E. 2d 2).

2. Apparently the pleader in the motion to dismiss had in mind the amendment to Code § 74-107 wherein the words "including the improvement of the health of the party seeking a change in custody" were added by Georgia Laws 1957, pp. 412, 413, when he sought to attack any modification as being unconstitutional. But since the attempted constitutional attack does not refer to any modification law, but refers to the urban renewal law, and the motion to dismiss does not show any grounds for dismissal, the court erred in dismissing the action. In addition, other grounds than improvement of health of the mother are alleged.

*Judgment reversed. All the Justices concur.*

Submitted June 14, 1960—Decided July 7, 1960.

*Leon S. Epstein, Robert J. Noland,* for plaintiff in error. *Shirley C. Boykin, D. S. Strickland,* contra.