21261.   BARNES v. TANT.

68

Argued June 12, 1961—Decided July 6, 1961.

*Scoggin & Minge, Cook & Palmour, A. Cecil Palmour,* for plaintiff in error.

QUILLIAN, Justice. ■ Defendant alleges in his plea of res judicata that this action is barred by the holding of this court in *Barnes v. Barnes,* 214 Ga. 595 (106 SE2d 279). Both actions deal with the same subject matter and are similar, but not as to the principal grounds upon which the present action is predicated —specifically, improvement of health and condition of plaintiff, and improper course of conduct and maintenance by defendant derogatory to the children's best interest during the period from June, 1960, to February, 1961—which were not *in esse* in the prior action.

"While the judgment fixing custody of children where a divorce is granted is conclusive between the parties and the principle of res judicata is applicable, where a petition is brought in the nature of a habeas corpus, alleging material changes of circumstances substantially affecting the interest and welfare of the children, such proceeding is an independent one and is not an effort to modify the original decree." *Stephens v. Sudderth,* 216 Ga. 222 (1) (115 SE2d 519). See also *Handley v. Handley,* 204 Ga. 57 (48 SE2d 827). The best interest and welfare of the children is accorded paramount importance. *Woodland v. Woodland,* 153 Ga. 202 (111 SE 673); *Klebold v. Klebold,* 210 Ga. 23 (77 SE2d 440); *Stanton v. Stanton,* 213 Ga. 545, 549 (100 SE2d 289, 66 ALR2d 1401). Therefore, the fact that custody proceedings had preceded this litigation would not preclude an action where fresh evidentiary matter as to change of condition is alleged. *Daniels v. Daniels,* 213 Ga. 646 (100 SE2d 727); *Woodland v. Woodland,* 153 Ga. 202, supra; *Willingham v. Willingham,* 192 Ga. 405 (15 SE2d 514); *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2). Thus, the trial judge properly overruled the plea of res judicata.

■ Defendant urges that his renewed demurrer to the petition should have been sustained since, where there is no cause of action at the commencement of a suit, there can be no recovery, (*Wadley, Jones & Co. v. Jones,* 55 Ga. 329), and that such cause of action may not be maintained by a right acquired during its pendency. *Mason v. Atlanta Fire Co. No. 1,* 70 Ga. 604 (48 AR 585); *Wilson v. Missouri State Life Ins. Co.,* 184 Ga. 184, 186 (190 SE 552).

The record discloses no objection by the defendant to the amendment. Instead, he merely renewed his demurrer to the petition. When the defendant failed to object, the question raised by the renewal of the demurrer was simply whether the petition as amended set forth a cause of action. *Aycock v. Williams,* 185 Ga. 585 (196 SE 54); *Cooper v. Mims,* 204 Ga. 357 (49 SE2d 824); *McCowen v. Brooks,* 113 Ga. 532 (39 SE 115).

The defendant further asserts that the plaintiff failed to allege a change of condition materially affecting the children's welfare, and hence set forth no cause of action. *Code Ann.* §§ 30-127 and 74-107 expressly state that the party not in default, where a divorce is granted, shall be entitled to custody of the children. The court, however, may look into all the circumstances of the parties, including the improvement of the health of the party seeking a change in custody provisions, and, after hearing both parties, make a different disposition of the children, exercising such discretion to look to and determine solely what is for the best interest of the child or children. See *Pruitt v. Butterfield,* 189 Ga. 593 (6 SE2d 786); *Attaway v. Attaway,* 194 Ga. 448 (22 SE2d 50). Here the plaintiff alleged sufficient facts which if proved would authorize the judge to grant a change of custody. *Porter v. Chester,* 208 Ga. 309 (66 SE2d 729). See also *Handley v. Handley,* 204 Ga. 57, 59, supra; *Perry v. Perry,* 213 Ga. 847 (102 SE2d 534); *Cooper v. Stephens,* 214 Ga. 825, 826 (108 SE2d 274); *Smith v. Scott,* 216 Ga. 506, 507 (117 SE2d 528). It follows that the judge did not err in overruling the defendant's general demurrer.

■ From a careful perusal of the record, there appears to be some conflict of evidence. The trial judge's province was to

determine the weight and credence to be accorded the proof submitted by each party. *Smith v. Bragg,* 68 Ga. 650; *Weathersby v. Jordan,* 124 Ga. 68 (52 SE 83). Where there is conflicting evidence, the judgment of the trial court will be affirmed. *Atkinson v. Atkinson,* 160 Ga. 480 (1) (128 SE 765); *Shope v. Singleton,* 196 Ga. 506, 507 (27 SE2d 26); *Watkins v. Terrell,* 196 Ga. 651 (1) (27 SE2d 329).

In questions of custody the judge has a wide latitude and discretion in determining what is in the children's best interest, welfare, and happiness. *Hammond v. Murray,* 151 Ga. 816 (108 SE 203); *Lucas v. Smith,* 201 Ga. 834, 837 (41 SE2d 527); *Madison v. Montgomery,* 206 Ga. 199 (56 SE2d 292); *Klebold v. Klebold,* 210 Ga. 23 (1), supra. This discretion will be interfered with only in those cases where abuse is shown. *Adams v. Adams,* 206 Ga. 881 (59 SE2d 366). Under the evidence, the award of custody to the plaintiff was authorized, and the trial judge did not abuse his discretion.

■ In cases of constructive contempt of court, where the alleged contumacious conduct is disobedience to a mandate of the court, not an act in the presence of the court or so near thereto as to obstruct the administration of justice, the law requires that a rule nisi issue and be served upon the accused, giving him notice of the charges against him, and that he be given an opportunity to be heard. *Mendel v. Mendel,* 202 Ga. 675 (44 SE2d 257); *Williams v. Mann,* 188 Ga. 212, 215 (3 SE2d 557); *Harris v. Harris,* 205 Ga. 105 (52 SE2d 598). See also *Wheeler v. Harrison,* 57 Ga. 24, and *Carson v. Ennis,* 146 Ga. 726, 728 (92 SE 221, LRA 1917E 650); *Garland v. State of Ga.* 99 Ga. App. 826, 830 (110 SE2d 143).

The notice given by the rule nisi is to afford the accused a reasonable time in which to prepare his defense to the charge that he had violated the court's order. It was error, in the case we now review, for the judge, over the timely objection of the accused, to summarily hear evidence and find him guilty of contempt for failure to abide by the court's previous order, when no rule nisi had issued, and the defendant was not given notice, prior to the hearing, that he would be called upon to show that he had not disobeyed the previous order of the court, or to show legal excuse for his conduct.

■  Where the mother of minor children seeks to gain their custody by showing a change of condition affecting the children's welfare, and there are no pleadings or prayers for relief in respect to alimony or support for the children, and it does not appear that in the divorce suit or alimony action, previously pending between the parties, a decree reserved in the court the right to amend the same as to alimony, the judge is without authority to award alimony for the support of the minor children. *Fricks v. Fricks,* 215 Ga. 137 (109 SE2d 596); *Zuber v. Zuber,* 215 Ga. 314 (110 SE2d 370); *Daniel v. Daniel,* 216 Ga. 567 (118 SE2d 369).

The judgment of the court in the instant case was error in so far as it undertook to require the defendant, father of the children, to pay alimony for their support. Here no question is involved as to whether the mother may in one action seek to gain custody of the children and also obtain judgment requiring the father to furnish money for the children's support, since the pleadings in the case did not present the latter issue.

*Judgment affirmed in part and reserved in part. All the Justices concur.*