22691. MALLETTE v. MALLETTE.

ARGUED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964.

*Aretha M. Smith, Eva L. Sloan,* for plaintiff in error.
*B. B. Hayes,* contra.

MOBLEY, Justice. ■ During the hearing the mother made a motion that evidence be allowed regarding the conduct of the parties prior to the divorce decree of January 11, 1963, to show that no change of condition had occurred and that the father was unfit for custody. Such evidence was introduced regarding the conduct of both parties. The court, however, reversed itself and excluded all evidence of misconduct of either party before the divorce decree, and the mother assigns error on this exclusion.

This assignment of error is without merit. Evidence as to a change of conditions affecting the welfare of the children that would render a prior judgment inconclusive is not necessarily limited to a change of circumstances of the parent to whom the initial award was made, but includes any new and material change in the circumstances of either parent of the children. *Handley v. Handley,* 204 Ga. 57, 59 (48 SE2d 827). This being true, however, can evidence of the circumstances or misconduct of the parents prior to their divorce be admitted in determining in a subsequent habeas corpus proceeding for child custody whether the mother is now unfit and whether the father is now fit to have custody?

We are of the opinion that this question must be answered in the negative and that the trial judge properly excluded the evidence of misconduct of the parties prior to the divorce decree. The issue here of fitness concerns present fitness, based on conduct since the divorce, and the conduct of the parties before the divorce is not now material since it relates to their past conduct

which has already been considered in the former adjudication giving the mother custody at that time. The judgment awarding custody to the mother was conclusive that she was a fit custodian at that time, but the evidence admitted in this case should show whether or not she is now a fit and proper custodian. In *Milner v. Gatlin,* 139 Ga. 109 (1) (76 SE 860), where the father had been awarded custody and the mother brought a habeas corpus proceeding for custody, this court held: "In a subsequent proceeding by habeas corpus for the possession of the child, between the parties to the decree, evidence as to the unfitness of the father will be confined to matters transpiring subsequently to the decree." See also *Daniels v. Daniels,* 213 Ga. 646 (100 SE2d 727); *Drake v. Drake,* 187 Ga. 423 (4) (1 SE2d 573); *Kniepkamp v. Richards,* 192 Ga. 509, 510 (8) (16 SE2d 24). Likewise, evidence as to the unfitness of the parties here must be confined to matters transpiring subsequently to the decree.

Therefore, the trial judge did not err in excluding evidence of the misconduct of the parents prior to the divorce decree.

■ The mother objected to the admission into evidence of certain testimony of one Willene Talley, formerly the wife of Allen Dominy, given in reply to the question, "Now based on what you have testified to, why did you divorce your husband?", her reply being, "Because of Sandra for one reason." The ground for objection was that the highest and best evidence for the divorce would be the grounds contained in her petition for divorce.

There is no merit in this contention. Willene Dominy's legal grounds for divorce would not prevent her testifying that the conduct of the mother with her former husband, Allen Dominy, was a factor contributing to her bringing the divorce suit. The petition for divorce would be the best evidence of its existence or of matter contained therein, such as the legal grounds for divorce, but the question asked did not pertain to the contents of the divorce petition since it did not ask for the grounds for the divorce and neither was the reply given contained in the divorce petition as a ground therefor.

The best evidence rule does not preclude this testimony, because the essential fact to be proved was not the existence or

contents of the writing, but the existence of an independent fact, to which the relationship with the writing itself was merely collateral or incidental. See *Hale v. Hale,* 199 Ga. 150 (1) (33 SE2d 441); *Hicks v. Hicks,* 196 Ga. 541 (3) (27 SE2d 7).

Therefore, the trial judge did not err in admitting this testimony over the stated objection.

■ "A judgment fixing the custody of a minor child is conclusive between the parties, and the principle of res judicata is applicable, unless a material change in circumstances substantially affecting the welfare of the child is made to appear. In determining whether or not there has been such a change, the trial judge is vested with a discretion which will not be controlled by this court unless it is abused." Furthermore, "When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it." *Madison v. Montgomery,* 206 Ga. 199 (1, 2) (56 SE2d 292). See also *Good v. Good,* 205 Ga. 112 (1) (52 SE2d 610); *Adams v. Adams,* 206 Ga. 881 (2, 3) (59 SE2d 366); *Harrison v. Kelly,* 209 Ga. 537 (2) (74 SE2d 546); *Adams v. Heffernan,* 217 Ga. 404 (122 SE2d 735).

The right to the children was in the mother pursuant to a judgment giving her custody thereof; however, there is evidence of her misconduct since that judgment was rendered to authorize the trial judge to find that she is not now a fit custodian. The evidence is undisputable that she was dating a married man, Allen Dominy, whose divorce was still pending. There was testimony that she visited the Allen Dominys almost every week end for an approximate period of eight months after her divorce, that she drank almost every week end, had been seen under the influence, never took the children to church or Sunday school during these visits, and rarely took them to church or Sunday school at all. Moreover, there was testimony of a private investigator that she frequently kept very late hours and had allowed Allen Dominy to spend the night alone with her while the children were in her apartment. Although much of this evidence was contradicted and is conflicting, "it cannot be said as a matter of law that the trial judge, who saw and heard the parties and witnesses, and who necessarily had superior opportunity for de-

termining correctly the issue involved, which is the welfare and best interest of the children, abused his discretion in making the award complained of, and his judgment will not be controlled by this court." *Slade v. Slade,* 212 Ga. 758 (2) (95 SE2d 680). See also *Williams v. Hicks,* 149 Ga. 333 (100 SE 97).

Therefore, since there was evidence to support the finding of the trial judge and it does not appear that he abused his discretion, the judgment awarding custody of the minor children to their father must be and is affirmed.

*Judgment affirmed. All the Justices concur.*