## W. H. KUHN v. C. BREEN, Appellant.

**Custody of Child:** FINDING OF FACT ON HABEAS CORPUS. A judgment awarding to the father the custody of a child twenty-three months old, which had previously been cared for by the parents of its deceased mother under an agreement made before death,—to which the father consented,—that the grandparents should have the child until its majority, will not be disturbed, where based on a finding by the trial court, on conflicting evidence, that it was for the best interests of the child that the father should be given its custody.

*Appeal from Kossuth District Court.*—HON. GEORGE H. CARR, Judge.

SATURDAY, APRIL 10, 1897.

THE plaintiff is the father, and the defendant the grandfather, of a child about twenty-three months old. This action is a *habeas corpus* proceeding to settle the legal custody of the child. The court below found the facts as follows: "(1) That Cornelius Leo Kuhn is a child twenty-three months old. (2) That the plaintiff is the father of the child, and is twenty-seven years of age, industrious, hard-working, and is possessed of but a small amount of property, consisting of household furniture, stock, and farming implements, all of the value of about nine hundred dollars; that he owes an indebtedness equal to at least half the value of the property, the larger portion of said indebtedness being secured by mortgages upon said property. (3) That the wife of the petitioner and the mother of the child died shortly after its birth, and that in April, 1896, the petitioner was married to Julia Dwyer, with whom he is now living upon a rented farm in this county, and that he has a comfortable home. (4) I further find that the

petitioner is a proper person to have the care and custody of said minor child; that his wife is twenty-four years of age, of a kind and motherly disposition, and good moral character, and has been accustomed to the care of small children. (5) That petitioner has no other children; that he has an affectionate regard for the said child; and that both he and his wife are desirous of having the custody and maintenance of the said minor. (6) That the plaintiff's first wife, and the mother of the child, was the daughter of the defendant, and at the time of her death she requested that her father be given the said child, and at the time her said husband concurred in and acceded to her request; that the defendant accepted the said child, and has since that time, with members of his family, been intrusted with its care and maintenance. (7) That the defendant is a man of good moral character, character, about fifty years of age, the owner of a one hundred sixty acre farm, well stocked; the said farm and a portion of the stock being slightly incumbered. (8) That subsequent to the death of the child's mother the wife of the defendant, and grandmother of the said child, died, and that defendant's family consists of nine grown-up children, two of whom are married, and one of whom is living away from home, and one grandchild besides the infant in question; the other grandchild being the offspring of a daughter of the defendant now dead. (9) That of defendant's family who are now living at home three are grown-up daughters, who have had the principal care of said minor child, and whose ages are twenty, twenty-two, and twenty-four, respectively. (10) That defendant and his said daughters are persons of good moral character, members of the Catholic Church, as are also the plaintiff and his wife, and that the said minor child has been well cared for in the defendant's family. (11) That the defendant and his family are

greatly attached to said child, and are desirous of retaining the care and custody of the child. (12) That the said child is of a somewhat delicate constitution, and has required a considerable amount of care and nursing during occasional illnesses, which care and nursing have been furnished by the defendant's family, but that plaintiff has paid a doctor's bill for attendance upon said child. (13) That, shortly after the plaintiff's second marriage, he went with his wife to the residence of defendant, and demanded that the care and the custody of the said child be surrendered to him, which was refused. (14) That it is for the best interest of the child that its father be awarded its care and custody." The court, under the facts found, awarded the custody of the child to its fathe and the defendant appealed.—*Affirmed.*

*J. C. Cook* for appellant.

*Geo. E. Clarke* for appellee.

GRANGER, J.—In *Shaw v. Nachtwey,* 43 Iowa, 653; *Drumb v. Keen,* 47 Iowa, 435, and *Bonnett v. Bonnett,* 61 Iowa, 199 (16 N. W. Rep. 91), the rule is definitely announced that in a case like this the findings of the court have the force and effect of the verdict of a jury. Following that rule, facts found by the court below, as to which there is support in the evidence to the extent of a substantial conflict, cannot be disturbed. The facts found, that the father is a proper person to have the care and custody of his child, and that he has an affectionate regard for it, are said by appellant not to be sustained by the evidence. The evidence bearing on these questions is practically confined to the plaintiff and his wife and the defendant and his daughters. There is no claim in argument that there is not a conflict of evidence on these questions, but it

is said that it fairly preponderates against the findings of the court. Even though we might think that, we could not disturb the findings, under the rule of the cases cited; for the very object of the rule is to preserve to that court the determination as to the weight of evidence, where there is a conflict. There is also a complaint that the fourteenth finding, "that it is for the best interest of the child that its father be awarded its care and custody," is not supported by the evidence. As a question of fact, if to be determined anew in this court, some of its members would not concur in the finding; but it is not to be said that the state of the evidence is such that different persons, considering it disinterestedly, might not reach different conclusions. In fact, the consideration of the case is a practical demonstration that such is the state of the evidence. The district court, in stating its conclusions, attached importance to such facts, as that the defendant is a man fifty-five years of age, with no wife; that the conditions of his home, that seem at present to make it a desirable place for the child, are likely to be changed by the marriage of his daughters, who are now of marriageable ages, so that there would be no female member of his family; that the defendant would not, without his daughters, be a proper person to care for so young a child, being twenty-three months old. These facts, with those found as to the plaintiff, surely make the question one of doubt. No one claims but that the interest of the child is the controlling fact in the case. Barring the finding of fact we should feel bound to respect the agreement under which the defendant took and cared for the child after the decease of its mother. Appellant relies much on the case of *Bonnett v. Bonnett, supra.* That case also involved the right to the custody of a child, between parent and grandparents. It is our intention to

observe the rule of that case. In that, as in this case, the facts found by the district court appear. In that case there is no specific finding as to what would be for the interest of the child. The facts are somewhat different. The inference in that case, as to the welfare of the child, from the facts as found, is surely as favorable to the defendants as to the plaintiff. Under that state of facts, the district court permitted the agreement to control, and remanded the child to the custody of the grandparents, and this court affirmed its action. The record in this case differs in the respect we have suggested, that the interest of the child requires that its father should have its care and custody. With that finding supported by the record, we are concluded from interference. Some cases from other states are cited, which we have examined, but they are not controlling. The judgment of the district court is AFFIRMED.