*Cutts & Nicholson,* for plaintiff.

---

## McCoy *v.* Brookins *et al.*

GEORGE, J. 1. A petition for habeas corpus was brought by a father for the custody of his infant child, a son about three years old. The child's maternal grandfather was named in the petition as respondent. On the trial the maternal grandmother was also allowed to defend. The answers alleged that the plaintiff deserted the child's mother and abandoned the child when he was only a few months old; that subsequently the mother (who was still in life) surrendered the custody and control of the child to respondents; and that the plaintiff was not a proper person to have the custody of the child. Upon the issues the evidence was conflicting; and the ordinary of the county, before whom the case was tried, did not abuse his discretion in awarding the custody of the child to the respondents. It follows that the judge of the superior court, on certiorari, did not err in refusing to disturb the judgment of the ordinary.

2. The assignments of error relating to matters of procedure and the admissibility of certain evidence do not show cause for reversal.

*Judgment affirmed. All the Justices concur.*

No. 2167. OCTOBER 13, 1920.

Certiorari. Before Judge Hardeman. Washington superior court. June 24, 1920.

The assignments of error referred to in the second headnote were: (1) Upon the allowance by the ordinary, on the hearing of the habeas corpus, of the wife of the defendant to join in his defense by way of amendment making her a party, without petition to be allowed to intervene. (2) Upon the reception in evidence of a letter purporting to have been received by a witness for the defendants from the plaintiff, without due proof of its execution or of handwriting.

*T. J. Swint* and *Jordan & Harris,* for plaintiff.

*Rawlings & Wood,* for defendants.