ALVIN BONNARENS, Appellee, v. GEORGE M. KLETT et al., Appellants.

No. 41299.

MARCH 8, 1932.

Charles C. Heninger and F. M. Beatty, for appellants.

Baldridge & Bailey, for appellee.

MORLING, J.—Defendants were the parents of Edna Klett, who was the first wife of the plaintiff, and who died April 23, 1928, when Alvin was about two weeks old. She was also survived by another child, George, who was about seven years old. Defendants allege that they took the children at the request of the father, and have since provided Alvin a home and cared for him as their own; that contrary to their wishes plaintiff took from them the older child, George; that it is for the best interest of Alvin that he remain with them. No express contract for the surrender of the father's rights to the defendants is pleaded or proved. The father remarried in April, 1931, and on June 15, 1931, brought this action. Plaintiff testified that at the time of the death of his first wife he tried to employ the lady who had been working for him to stay in the home and thereby enable him to keep the children with him; that she was unable to do so, and he then asked defendants "whether they would take care of the children until I could, and he said they would." The defendant grandmother testified that shortly after the funeral of the mother she asked plaintiff to bring the children down.

"I just can't say what was said, only I asked him I would like to have the children. Q. What did you tell him you wanted to do with the children? * * * A. I don't know,—taking care of the children as long as I lived, the same as if they were my own. Q. What did he say to that? A. He said he didn't know what he was going to do yet"; that later, "He asked me to take the children. * * * I told him I would. * * * I said I would raise them as I would my own as long as I lived. Q. What did he say to that? A. I don't know as he answered me on that. * * * He came over and wanted to know if I was ready to take the children, the next day. * * * I told him I was ready, and I went over with him and he brought me and the little fellow back. Little George came too, but he went back with him again."

The older boy stayed with the defendants until shortly before the trial, when he went to his father's home under circumstances which are not clear, but which do not reflect on defendants. It is not disputed that Alvin had had good care and has been well provided for, or that defendants are able and willing to continue to thus provide for him. The older child, George, who at the time of the trial was about 10 years old, prefers his father's home. The stepmother was a graduate nurse, who had been engaged in private and hospital nursing and in teaching as a public health nurse. Nothing is said against her disposition, qualification or ability. Plaintiff lives on a farm of 110 acres purchased from defendants, heavily encumbered for the purchase price. There is no evidence, however, that he is unable or unwilling to provide well for the children. All parties are regular church attendants, and as they have had opportunity appear to have regularly taken the children to the services. Unless it be in a vague reference to the use of profanity by plaintiff and defendants, nothing is suggested against the moral atmosphere of either home. Plaintiff and defendants were on friendly and intimate terms up to the time defendants became aware of plaintiff's intention to remarry.

Presumptively the parents (or the survivor of them if one is dead) have the right to custody of their minor child. In re

McFarland's Guardianship, 214 Iowa ——; Werling v. Heggen, 208 Iowa 908.

The parent may abandon or relinquish his right.

"It will be presumed in all cases, however, that the surrender of custody is intended to be temporary, unless the contrary is made to appear by proof, clear, definite, and certain, Drumb v. Keen, 47 Iowa 437." Miller v. Miller, 123 Iowa 165, 169.

See, also, In re McFarland's Guardianship, 214 Iowa ——.

In all circumstances the interest of the child should be given paramount consideration. In re McFarland's Guardianship, 214 Iowa ——; Tilton v. Tilton, 206 Iowa 998; Smidt v. Benenga, 140 Iowa 399; Bonnett v. Bonnett, 61 Iowa 199; Kuhn v. Breen, 101 Iowa 665.

Here the evidence fails to show abandonment of the child by plaintiff, or relinquishment of his right to its custody. It fails to show that the interest of the child requires that its custody be awarded to defendants as against the rights of the plaintiff. On this record the trial court was right in awarding the custody to the plaintiff.—Affirmed.

EVANS, DE GRAFF, GRIMM, and KINDIG, JJ., concur.

WAGNER, C. J., not participating.