KILGORE *v.* TILLER *et al.*

*C. O. Baker,* for plaintiff. *Erwin & Nix,* for defendants.

ATKINSON, Presiding Justice. Mrs. Nellie J. Kilgore, the mother of an illegitimate child, Wayne Tiller, born September 13, 1939, brought habeas corpus against Mr. and Mrs. J. W. Tiller, the parents of the child's father, seeking to have the child's custody awarded to her. The father at the hearing testified that he was the father of the child, that he had never been married to Mrs. Kilgore, that he had no legal interest in the boy, that he had made no claim and was not trying to claim the custody of Wayne Tiller.

The Code, § 74-203, declares: "The mother of an illegitimate child shall be entitled to the possession of the child, unless the father shall legitimate him as before provided. Being the only recognized parent, she may exercise all the paternal power." Under this, the prima facie right to the custody was in the mother. That provision, however, must be construed in connection with § 50-121, as follows: "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." Superimposed, however, is the principle, so often declared, that the welfare and happiness of the child is the paramount consideration in a proceeding for his custody. *Lamar* v. *Harris,* 117 *Ga.* 993 (3) (44 S. E. 866) ; *Hammond* v. *Murray,* 151 *Ga.* 816 (108 S. E. 203). There was no evidence that the mother had ever surrendered her right to the custody of her child, nor did it demand a finding that she was not a fit and proper person to have his custody. While the judge has a

large discretion in a case such as this, that discretion should be exercised in favor of the party having the legal right, unless the interest and welfare of the child justifies an award to another. *Monk* v. *McDaniel,* 116 *Ga.* 108 (4) (42 S. E. 360); *Butts* v. *Griffith,* 189 *Ga.* 296 (5 S. E. 2d, 907); *Fowler* v. *Fowler,* 190 *Ga.* 453 (9 S. E. 2d, 760).

An issue of fact was raised by the petition and answer. The result of that issue depended on the proofs submitted. The bill of exceptions contains the following: "After the evidence had closed and argument of counsel, his Honor Judge Arthur S. Oldham held up his decision, stating he wanted some further time to do some investigating of his own. This proceeding on the part of the trial judge was not done with the consent of plaintiff in error. The trial judge thereafter had an investigation made, and had witnesses interviewed, the names and number of same being unknown to plaintiff in error, without the right of plaintiff in error or her attorney being given an opportunity to cross-examine said witnesses, and without furnishing to plaintiff in error or her attorney the names of witnesses thus furnishing testimony; that after hearing said evidence and without giving the plaintiff an opportunity to rebut same, on May 27, 1942, the Honorable Arthur S. Oldham rendered his decision which had been reserved to that date, in which decision he ordered and adjudged that the custody of the minor child, Wayne Tiller, be awarded to defendants in error, at the same time placing the costs upon plaintiff in error. To this decision the plaintiff in error excepted and now excepts and assigns as error, the same being contrary to law; that said verdict and judgment was illegally rendered, and based upon evidence considered by the court which was not a part of the record in said case, and with no opportunity for plaintiff in error to even know witnesses furnishing evidence, much less an opportunity to examine said witnesses or rebut their testimony."

A fair interpretation of the above statement is that the judge's decision was not based alone on the testimony delivered on oath before him at a public trial, with both parties and their counsel present, but in part as the result of information obtained by him subsequently to the hearing, and on evidence furnished to him by unknown persons. In this he erred. However commendable the purpose of the judge in thus seeking all the light he could before

reaching his conclusion, the method pursued by him was a violation of the law, from which injury to the losing party will be presumed. *Atlantic & Birmingham Railway Co.* v. *Cordele,* 125 *Ga.* 373 (54 S. E. 155). See also *Alford* v. *Alford,* 190 *Ga.* 562 (9 S. E. 2d, 895). *Judgment reversed. All the Justices concur.*