EVERETT *v.* SHARPE.

No. 17299.  JANUARY 8, 1951.

*Franklin, Eberhardt & Barham,* for plaintiff in error.

*H. B. Edwards Jr.,* and *Hamilton Burch,* contra.

HEAD, Justice. The trial judge in every habeas corpus case involving the custody of minor children is vested with a wide discretion. It has been stated many times, however, that this discretion is not free or arbitrary, but is to be governed by the rules of law, and should be exercised in favor of the party having the legal right of custody, unless the evidence shows that the welfare and interest of the child would justify the judge in overriding the rights of the person holding the legal claim. *Shope*

v. *Singleton,* 196 *Ga.* 507 (2) (27 S. E. 2d, 26), and cases cited.

The order of the judge in the present case shows that his judgment was not based solely on the evidence. The judgment states that he has taken into consideration a written report from the Lowndes County Department of Public Welfare, and that the report and the evidence reveal that the father of the minor children abandoned them six years before the date of the hearing. This report was not admitted in evidence, and is not included in the record of the case.

In many cases the custody of minor children presents a complex problem for the conscientious trial judge. Such a problem is involved in the present case, where the home offered on the one hand is with an aged grandfather, who must be assisted by his sons in providing for his own necessities, and the other home is with the father, who does not own a home, but rents rooms, and must depend on his landlady to care for the children. However difficult the task of the judge in such a case, the law requires that he make his decision on the evidence, and does not allow him to make a private investigation to aid him in his decision. *Kilgore* v. *Tiller,* 194 *Ga.* 527 (22 S. E. 2d, 150).

. Where an award of custody is based in part upon documents which were not admitted in evidence, and not a part of the record, it is impossible for this court to determine whether or not the trial judge abused his discretion in the judgment rendered. Compare *Atlantic & Birmingham Ry. Co.* v. *Cordele,* 125 *Ga.* 373 (4), 375 (54 S. E. 155); *Thompson* v. *State,* 138 *Ga.* 267, 273 (75 S. E. 357); *Alford* v. *Alford,* 190 *Ga.* 562, 654 (9 S. E. 2d, 895); *Kilgore* v. *Tiller,* supra.

*Judgment reversed. All the Justices concur.*