## SHEPPARD *v.* SHEPPARD *et al.*

HAWKINS, Justice. 1. Strict technical pleadings are not required in a habeas corpus proceeding between rival contestants for the custody of minor children. Where a writ has been issued and in response thereto the children have been brought into court, the better practice is to inquire into the evidence necessary to a proper decision of the case, unless the petition alleges facts which show affirmatively as a matter of law that the respondent is entitled to the custody of the children. *McDowell* v. *Gould,* 166 *Ga.* 670 (144 S. E. 206); *Wilkinson* v. *Lee,* 138 *Ga.* 360 (75 S. E. 477); *McCoy* v. *Brookins,* 150 *Ga.* 636 (104 S. E. 572); *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780); *Vincent* v. *Vincent,* 181 *Ga.* 355 (182 S. E. 180).

2. The petition in this habeas corpus case, brought jointly by the father

and the paternal uncle and aunt of the children as plaintiffs, against the mother of the children, might have been subject to the criticism that in so far as the father is concerned the allegations disclosed that he had voluntarily surrendered to the other plaintiffs his parental rights to the custody of the children, but the petition did not allege facts which showed affirmatively as a matter of law that the respondent was entitled to the custody of the children as against such other plaintiffs; and, under application of the foregoing principles, the trial court did not err in refusing to sustain the demurrer to the petition upon the ground of misjoinder of parties plaintiff and causes of action.

3. While cases dealing with the custody of minor children present complex problems for the conscientious trial judge, who often feels the need of all the light possible before reaching a conclusion, however difficult the task of the judge in such a case, the law requires that he make his decision on the evidence, and does not allow him, after the evidence has closed, and after argument of counsel, to make a private investigation by interviewing persons, the number and name of whom are unknown to the parties or their counsel—who have had no opportunity to examine or cross-examine them—and to base his judgment in part upon information thus obtained. *Everett* v. *Sharpe*, 207 *Ga.* 502, 504 (63 S. E. 2d, 1); *Kilgore* v. *Tiller*, 194 *Ga.* 527 (22 S. E. 2d, 150); *Alford* v. *Alford*, 190 *Ga.* 562, 564 (9 S. E. 2d, 895).

4. The answer of the ordinary to the petition for certiorari in this case disclosing that the judgment there complained of was based in part upon information obtained in the manner prohibited by the foregoing decisions, the superior court erred in overruling the certiorari.

5. The assignment of error in the petition for certiorari, that the judgment complained of is contrary to the evidence and without evidence to support it, will not be passed upon, since the evidence may not be the same upon another trial.

*Judgment reversed. All the Justices concur.*

No. 17588. ARGUED SEPTEMBER 11, 1951—DECIDED OCTOBER 10, 1951.

*R. S. Wimberly*, for plaintiff in error.

*G. Y. Harrell* and *Claude D. Harrell*, contra.