## HARRISON *v.* KELLY.

No. 18093. Submitted January 13, 1953—Decided February 9, 1953— Rehearing denied February 25, 1953.

*Lewis & Boyd, Weldon C. Boyd, Cain & Smith* and *George T. Smith,* for plaintiff in error.

*Bell & Baker,* contra.

Almand, Justice.   The exception here is to an order refusing, on the hearing of an application for the writ of habeas corpus brought by a father, to change or modify a prior order of the Superior Court of Taliaferro County awarding custody of a child to the mother.   The parties were divorced in 1947, the custody of the child, then three years of age, being awarded to the mother, with the right of the father to have the child visit him at stated periods.   On December 5, 1947, this award was changed so as to permit the father to have the custody of the child the first and third Saturdays in each month, except that in the months of June, July, and August, he was to have the custody of the child during the first week thereof.   In September, 1951, the court refused to modify this order on application of both parties.   At the time these orders were entered, the parties resided only twenty miles from one another, the father in Taliaferro County and the mother in Greene County.

The sole ground alleged by the father to constitute a change of condition is, that since the last order the mother has moved her residence to Grady County, approximately two hundred and fifty miles from the father's place of residence, and by so doing has nullified and avoided the right of the father to have his child visit him.   After hearing evidence and argument, the trial judge passed an order, overruling the general demurrers of the mother and remanding the custody to her, the order reciting: ".   .   the court further finding that there has been no change of condition adversely affecting the said Calvin Harrison's welfare since the rendition of the court decrees fixing the custody of said child, as entered in Taliaferro Superior Court."

The bill of exceptions recites that, during the progress of the hearing, counsel for the father requested that the child be examined by the judge in the presence of counsel for both parties, with the parties and spectators excluded, and the judge

made no ruling on this request. It thereafter recites: "after hearing argument of counsel for both parties on both the demurrer and on the merits of the case, the judge announced that he would take the case under advisement. At the same time, he also announced that he would take said child, who had not actually been present in the courtroom during the hearing, to his office and interview him there, which he did." This action of the judge is assigned as error "because the same constitutes a gross abuse of discretion in that, as plaintiff in error contends, the same is based at least in part on evidence obtained by the judge from said child, which evidence was not a part of the record in this case, and without plaintiff having any means of knowing whether the testimony of said child was under oath, or what such testimony was, and without plaintiff or his counsel being afforded any opportunity to examine or cross-examine said child as a witness, and without plaintiff [or] his counsel being afforded any opportunity to rebut any of the testimony of said child." The record does not disclose what took place in the interview between the judge and the eight-year-old boy, nor does it indicate that the judge based his order on anything that took place during this interview. "Generally, when a party permits proceedings to be had, in the progress of his case, without making any objection, the court will hold him to have waived the objection, and will not relieve him against the consequences of the proceeding, to which he did not object at the proper time." *Haiman & Bro.* v. *Moses & Gerrard*, 39 *Ga.* 708, 712.

The record is not such that we could pass on whether the action by the judge in thus examining the child vitiated his order. It discloses that, at the conclusion of the hearing, the judge stated in the presence of counsel for both parties that he would take the child into his office and interview him. No objection was made at that time by counsel for the father as to this procedure, nor was there any demand or request that the interview be had in their presence. In the absence of such timely objection, it is too late to make the objection for the first time in a bill of exceptions, and such action on the part of the judge thus assigned as error is not properly before us. *Harrison* v. *Young*, 9 *Ga.* 359 (7); *Duncan* v. *Pope*, 47 *Ga.* 445 (5); *Jefferson* v. *Hamilton*, 69 *Ga.* 401 (3).

The cases of *Kilgore* v. *Tiller*, 194 *Ga.* 527 (22 S. E. 2d, 150), *Everett* v. *Sharpe*, 207 *Ga.* 502 (63 S. E. 2d, 1), *Sheppard* v. *Sheppard*, 208 *Ga.* 422 (67 S. E. 2d, 731), and *Moody* v. *Gilbert*, 208 *Ga.* 784 (69 S. E. 2d, 874), are not controlling here, for the reason that in each of those cases counsel for the aggrieved party did not know, until after the court's judgment had been rendered, that the court in the consideration of the case had relied upon evidence not introduced in the trial in the presence of the parties.

■ Where an order or decree has been entered awarding the custody of a minor child to one of the contesting parties, with the right of the child to visit the other parent at stated periods, such judgment is binding and conclusive between the parties unless a change of circumstances affecting the health or welfare of the child is made to appear. *Jordan* v. *Jordan*, 195 *Ga.* 771 (25 S. E. 2d, 500); *Handley* v. *Handley*, 204 *Ga.* 57 (48 S. E. 2d, 827). Such decision, being within the discretion of the trial judge, who had before him the parties and was better able than this court to determine what is for the best interest of the child, will not be disturbed unless there has been a gross abuse of discretion on his part. *Lucas* v. *Smith*, 201 *Ga.* 834 (41 S. E. 2d, 527). The only reason which the father asserts as constituting a material change in the condition that existed prior to the award is that now the father has to travel two hundred and fifty miles instead of twenty miles to obtain the child for visits with him, and that it is physically impossible for him to so travel and return the child the same day. This change primarily affects the convenience of the father, and affects only incidentally the interest of the child. The father's right to have the child at stated periods, totaling thirty days in each year, remains. We cannot say that under these circumstances the trial judge grossly abused his discretion in refusing to modify his prior order.

The contention is made that the court, having overruled the mother's general demurrer, was required to change the award, because the evidence on the hearing supported every allegation of the petition, and that his action in ruling otherwise constituted an abuse of discretion. Notwithstanding the effect of the court's ruling on the general demurrer was that the father al-

leged a right to the relief prayed, in a case of this nature, involving the welfare of the child, the trial judge was under a duty to exercise his discretion under the evidence. The fact that the evidence supported the petition in every respect does not demand a finding that the judgment must be in favor of the father.

It was not error to refuse to change or modify the prior order of custody. *Brown* v. *Harden*, 150 *Ga.* 99 (1a) (102 S. E. 864).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.*