## 18863. LOCKE *v.* GRIMES.

SUBMITTED FEBRUARY 15, 1955—DECIDED MARCH 14, 1955.

*B. B. Hayes, E. L. Stephens, Jr.,* for plaintiff in error. *W. O. Purser,* contra.

ALMAND, Justice. Jessie L. Grimes brought a habeas corpus proceeding against James W. Locke, seeking award of the custody of his three minor children, alleged to be illegally detained by the respondent. The respondent, the maternal grandfather of the children, their mother being dead, filed a response, in which he alleged that the petitioner on March 10, 1952, in consideration that the respondent would supply the care and attention of a father to the children and educate them, had surrendered the custody of the children to him; and further alleged that the petitioner has lost his parental control by reason of his abandonment of the children and his failure to provide them with the necessaries of life. On the hearing of the application, the court, over objections of the respondent, admitted in evidence a copy of a

448

report made by the Laurens County Department of Public Welfare to the Judge of Laurens Superior Court, as to the fitness and ability of the petitioner to have the custody of the children. The admission of this report was objected to on the ground that it was not verified by any person and was not admissible in evidence, being merely a report of the welfare board based upon information and matters obtained out of court. Error is assigned in the bill of exceptions on the admission of this report in evidence. After hearing evidence, the court passed an order awarding the custody of the children to the petitioner. Error is likewise assigned on this order.

The bill of exceptions does not contain any evidence other than the welfare report, though the record does show that other evidence was introduced.

This being a habeas corpus proceeding in which the contest is between the father of minor children and their maternal grandfather for custody of the children, the first question to be determined is whether or not the father, under the rules provided in Code §§ 74-108 et seq., as to loss of parental control, has lost such control. *Waldrup* v. *Crane,* 203 *Ga.* 388 (46 S. E. 2d 919). In such a situation, the father has the prima facie right of custody, and in order to sustain the contention of the respondent that the father has lost his parental control by reason of a contract surrendering the children to the respondent, or by reason of his abandonment of them, the burden is upon the respondent to make a clear and strong case that the father has lost his right of custody. *Roebuck* v. *Calhoun,* 201 *Ga.* 496 (40 S. E. 2d 142). There is no evidence in the record before us to show that the father has lost his parental control, as asserted by the respondent in his answer; and, under such circumstances, it appearing without dispute that the petitioner is the natural father of the three minor children, the trial judge had no alternative but to award the children to him. *Bond* v. *Norwood,* 195 *Ga.* 383 (24 S. E. 2d 289); *Morris* v. *Grant,* 196 *Ga.* 692 (27 S. E. 2d 295). The report of the welfare board, which was admitted in evidence over objection, dealt only with the question of the fitness of the father to have custody of the children, and though the admission of this report in evidence was erroneous (*Sheppard* v. *Sheppard,* 208 *Ga.* 422, 67 S. E. 2d 131; *Moody* v. *Gilbert,* 208 *Ga.* 784, 69 S. E.