18915. RODALE *et al.* v. GRIMES *et al.*

ARGUED APRIL 12, 1955—DECIDED MAY 9, 1955—REHEARING DENIED JUNE 15, 1955.

*H. Fred Gober,* for plaintiffs in error.

*E. T. Hendon, Jr.,* contra.

ALMAND, Justice. This is a habeas corpus proceeding between

the parents of Roger Dean Rodale, a minor, as petitioners, and Mr. and Mrs. Claude C. Grimes, who are related neither by blood nor marriage to the child, as respondents. In their response, they pleaded that on September 22, 1947, after the birth of the minor, who was one of twins, the petitioners (a) by a contract surrendered their right to the custody of the child to the respondents, and (b) abandoned him. By amendment to their petition, the petitioners alleged that under the law of Iowa no person could assume permanent care and custody of a child under 14 years of age except in accordance with the statutes of that State, and that the petitioners had not abandoned the child. The respondents demurred to this amendment and their demurrer was sustained. The trial judge held that under the law of Georgia the natural parents had released their parental power over the child, that the welfare of the child would best be served by leaving it with the respondents, and denied the prayers of the petitioners. On appeal to this court, we reversed the order, on the basis that it was error to sustain the respondents' demurrer to the plaintiffs' amendment, and held that the law of Iowa having been properly pleaded, the issue as to the validity of the contract as to custody would have to be determined by the law of Iowa. *Rodale* v. *Grimes*, 211 *Ga*. 50 (84 S. E. 2d 68). On the return of the remittitur to the trial court, the plaintiffs filed an amendment setting up certain statutes of Iowa dealing with the questions of adoption and the release of custody of minor children. The respondents amended their response, asserting that under the decision law of Iowa the plaintiffs had waived, forfeited and relinquished their rights to the control and custody of the child. On the trial the plaintiffs introduced certain statutes of Iowa, and both parties introduced several decisions of the Supreme Court of that State. After hearing evidence, the court entered an order finding that the petitioners had relinquished their rights to the child by contract, that there had been an abandonment of the child, and that the welfare and best interest of the child demanded that he be left in the custody of the respondents, and remanded the child to the custody of the respondents. The present writ of error assigns error on this order.

The evidence being undisputed that the plaintiffs, the natural parents, did not release or relinquish their right to the custody

of the minor child by any written contract or agreement, and all the parties, including the child, being residents of the State of Iowa at the time of the alleged release and abandonment in September, 1947, there are, as we view it, three questions for decision: 1. Did the law of Iowa require that the agreement as to the custody and control of the child be in writing? 2. During the time that the respondents had custody of the child in Iowa, from September 22, 1947, to September 7, 1949, does the evidence authorize a finding that the plaintiffs had abandoned the child under the law of Iowa? 3. Does the evidence authorize a finding that under the law of Georgia the plaintiffs had abandoned the child at any time subsequent to September 7, 1949, when the defendant and the child removed to Georgia?

■ Section 238.25 of the Code of Iowa of 1954 provides: "No person other than the parents or relatives of the child within the fourth degree may assume the permanent care and custody of a child under fourteen years of age except in accordance with the provisions of this chapter." Under § 238.26 of the same Code, no person can assign, relinquish or otherwise transfer to another his rights or duties with respect to the permanent care or custody of a child under fourteen years of age unless specifically authorized or required to do so by an order or decree of court, or unless the parent or parents sign a written release attested by two witnesses, of the permanent care and custody of the child to an agency licensed by the state board of social welfare. Though neither counsel have cited any decision of the Supreme Court of Iowa which specifically deals with the question now before us, nor have we been able to find any, it would seem that the statute by its specific and express terms forbids natural parents in Iowa from surrendering the control or custody of a minor child under the age of fourteen years to any person not related within the fourth degree, except by a written consent. The several cases relied on by the respondents were where the surrender was by virtue of an oral agreement, and either involved a release to blood relatives within the fourth degree, or where the facts were sufficient to authorize a finding that the custody had been released or relinquished by reason of abandonment. Drumb *v.* Keen, 47 Iowa 435; Lally *v.* Fitz Henry, 85 Iowa 49 (51 N. W. 1155) ; Knochemus *v.* King, 193 Iowa 1282 (188 N. W. 957) ;

Jensen *v.* Sorensen, 211 Iowa 354 (233 N. W. 717); Lancey *v.* Shelley, 232 Iowa 178 (2 N. W. 2d 781); Paulson *v.* Windelow, 236 Iowa 1011 (20 N. W. 2d 470); Herr *v.* Lazor, 238 Iowa 518 (28 N. W. 2d 11); Pelton *v.* Halverson, 240 Iowa 184 (35 N. W. 2d 759); Joiner *v.* Knieriem, 243 Iowa 470 (52 N. W. 2d 21). It appearing without dispute that there was no written agreement between the parties whereby the custody and control of the minor was given to the respondents, and they not being related to him within the fourth degree, their contention that they were entitled to the custody of the child by reason of the oral agreement of September 22, 1947, is without merit, and it was error for the court to hold that they had custody by reason of any contract.

■ On the question of whether or not the petitioners had abandoned the minor child in Iowa, the undisputed evidence shows that the child was born on September 14, 1947, and eight days later the respondents took possession of him because the doctor who attended Mrs. Rodale was of the opinion that she was not physically able at that time to care for both of the twins. The petitioners and the respondents were friends and neighbors, and under the testimony of the respondents, they orally agreed to take the child and raise it. There is evidence that between September, 1947, and September, 1949, the petitioners were frequent visitors in the home of the respondents, and on many occasions took the child to their home for short visits. Though there is a conflict in the evidence as to the contributions of the petitioners to the support of the child, the respondents testified that such contribution "was not expected or asked. We had that understanding at that time that we would support him." It is undisputed that on September 6, 1949, the father went to the home of the respondents and requested that he be allowed to take his son to his home, which request was refused. The respondents on the next day, without giving any notice to the petitioners, moved from Marshalltown, Iowa, taking the child, without telling anyone in the neighborhood where they were going. The petitioners made diligent effort to locate the respondents, by applying to the Federal Bureau of Investigation and the Governor of Iowa, and not until June, 1952, did they learn that the respondents had moved to DeKalb County, Georgia. During this period the respondents never communicated

with the petitioners. The petitioners in December, 1952, brought this habeas corpus proceeding seeking to recover the child.

In our opinion, the facts in the instant case are insufficient to sustain the contention that the petitioners had lost their right to the custody of the minor child by reason of abandonment in Iowa. The law of Iowa, under the decisions of its highest court, is that the surrender of the custody of a minor child by its parents is presumed to be temporary, unless the contrary is made to appear by proof clear, definite, and certain. Miller *v*. Miller, 123 Iowa 165 (98 N. W. 631); Bonnarens *v*. Klett, 213 Iowa 1286 (241 N. W. 483); Adair *v*. Clure, 218 Iowa 482 (255 N. W. 658). Though, as in Georgia, the right to control and custody of a child may be lost in Iowa by abandonment, the evidence as to such must show an intention on the part of the parent to abandon the child. Pitzenberger *v*. Schnack, 215 Iowa 466 (245 N. W. 713). The undisputed evidence in this case, showing that the respondents while living in Iowa having made no demand upon the petitioners for the support of the child, and showing that the parents were interested in the child's welfare and were making attempts to regain its custody from the respondents prior to their removal from Iowa, their conduct did not constitute abandonment under the decisions of the Supreme Court of Iowa. In addition to the authorities above cited, see Brem *v*. Swander, 153 Iowa 669 (132 N. W. 829); In re Guardianship of McFarland, 214 Iowa 417 (239 N. W. 702).

■ The undisputed evidence disclosing that as soon as they were able the petitioners, after discovering that the respondents and the child were residing in DeKalb County, Georgia, came to Georgia, and in December, 1952, instituted these proceedings to regain the custody of the child, it cannot be said that they abandoned or surrendered their right to its custody under Code § 74-108 (3). The dispute here being between the natural parents and strangers as to custody of the child, the prima facie right to such custody was in the parents, and though it be the policy of the law in awarding custody of a minor child to promote the welfare and best interest of the child in all cases, "in view of the provisions of law giving the father prima facie right to custody as against third persons, and specifying the various acts or omissions of the father which may work a forfeiture of

his right of custody, it is obvious that in the eyes of the law, unless the father has so lost or forfeited this right, the welfare and best interest of the minor will be protected by putting the child in the custody of the father." *Bond* v. *Norwood,* 195 *Ga.* 383, 387 (24 S. E. 2d 289). The evidence wholly failing to show that the petitioners had abandoned the child within the meaning of Code § 74-108 (3), the question of fitness as between the respective parties was not at issue. *Hale* v. *Henderson,* 210 *Ga.* 273 (2) (79 S. E. 2d 804); *Locke* v. *Grimes,* 211 *Ga.* 447 (86 S. E. 2d 303). See also *Morris* v. *Grant,* 196 *Ga.* 692 (27 S. E. 2d 295); *Waldrup* v. *Crane,* 203 *Ga.* 388 (46 S. E. 2d 919).

In view of the foregoing rulings, it becomes unnecessary to deal with other assignments of error, relating to the admission of evidence.

It follows from what has been said that the court erred in remanding the custody of the minor child to the respondents.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*