## 31972. ANDERSON v. ANDERSON.

HILL, Justice.

The mother appeals from a final custody order in a divorce action awarding the parties' two children to the father. She enumerates as error the award of custody to the father, the referral to the juvenile court, and the refusal to allow her to see the juvenile court's investigative report.

According to the trial court's corrected findings of fact, after hearing the testimony of all witnesses offered by both parties, the judge stated at the custody hearing that he would refer the matter to the juvenile court for investigation and report. An investigation was made and the investigator's nine page report was submitted to the superior court. The judge refused to reveal the contents of the report to either party except for the recommendation which stated that custody should be awarded to the father. According to the court's conclusions of law, custody was awarded to the father based, in part, upon this report.

The mother argues that she was denied the right of cross examination. She relies on *Moody v. Gilbert,* 208 Ga. 784 (69 SE2d 874) (1952), where this court reversed the trial court's custody award because a report of the juvenile

court was considered which was not subjected to cross examination. *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125) (1957); *Sheppard v. Sheppard,* 208 Ga. 422 (67 SE2d 131) (1951); *Everett v. Sharpe,* 207 Ga. 502 (63 SE2d 1) (1951); and *Kilgore v. Tiller,* 194 Ga. 527 (22 SE2d 150) (1942), are all to the same effect.

Code Ann. § 24A-302(b); as amended in 1974, permits superior courts handling divorce cases involving the custody of children to transfer the issue of custody to the juvenile court for investigation and report back to the superior court. It is not error for that report to contain a recommendation. It is error however for the issue of child custody to be decided on the basis of that report where either parent is denied access to the report and is thereby denied a hearing and the right to examine witnesses in an effort to refute the report.

In view of this determination, we need not consider the remaining enumerations of error.

*Judgment reversed. Nichols, C. J., Undercofler, P. J., Ingram and Hall, JJ., concur. Jordan, J., concurs in the judgment only.*

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 20, 1977.

*Page, Scrantom, Harris, McGlamry & Chapman, Joan Swift,* for appellant.

*Keil, Riley & Davis, B. Seth Harp, Jr.,* for appellee.