33659. WESTMORELAND v. WESTMORELAND.

BOWLES, Justice.

The appeal in this case is from an order of the Superior Court of Hall County, Georgia, awarding custody

of two minor children to their father, the appellee. The award was based on a change of custody sought by appellee in a habeas corpus petition, alleging a change in circumstances occurring subsequent to a final judgment of that court, which had awarded custody of the same children to their mother, the appellant.

After the petition for change was filed, the superior court transferred the matter to the Juvenile Court of Hall County for an investigation and report. A hearing was held in the juvenile court and a record made of the evidence presented. The record here does not contain a copy of a report from the juvenile court, although the final order of the superior court states that it relies upon such a report in arriving at its final decision.

When appellant filed her appeal she specifically designated that this report be made a part of the record on appeal. Thereupon the appellee filed a "response to defendant's notice of appeal" in which he contended that the appellant requested the forwarding of a nonexistent order of the juvenile court. The clerk of the superior court in certifying the record to this court also certifies that his office has no record of the filing of an order of the juvenile court as referred to in appellant's notice of appeal.

Appellant assigns error on the trial judge's relying upon a report from the juvenile court which was not made a part of the record and which was not made available for inspection by appellant.

We reverse.

The order appealed from shows on its face that the trial judge, in addition to considering the transcript of the evidence from the juvenile court as certified by the court reporter, relied upon "the report of the Juvenile Court." Such reliance is expressed in three separate places in the judgment.

This court held in *Anderson v. Anderson,* 238 Ga. 631 (235 SE2d 11) (1977), that "Code Ann. § 24A-302 (b), as amended in 1974, permits superior courts handling divorce cases involving the custody of children to transfer the issue of custody to the juvenile court for investigation and report back to the superior court. It is not error for that report to contain a recommendation. It is error, however, for the issue of child custody to be decided on the

basis of that report where either parent is denied access to the report and is thereby denied a hearing and the right to examine witnesses in an effort to refute the report."

We conclude that inasmuch as the report from the juvenile court has not been filed in the superior court, and not otherwise made available to the parties, they are in effect denied access to the report and are denied any opportunity to refute the same. Where the final order of the superior court expressly states that its findings are based in part upon such a report, and the report is not filed or otherwise made available to the parties the court's order cannot stand.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 13, 1978 — DECIDED JULY 6, 1978.

*Deal, Birch, Orr & Jarrard, J. Nathan Deal,* for appellant.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellee.