34138. McNABB v. CARVER et al.

HILL, Justice.

The appellant, the mother of Tara Lynn Carver, brought a petition for writ of habeas corpus on April 11, 1977, naming as defendants her former husband, Kent Carlton Carver, and his parents. She alleged that the defendants were illegally detaining her child, Tara Lynn Carver, then age 2. She alleged further that a final divorce decree between herself and the child's father, entered on December 27, 1976, had vested custody of the child in the father by consent. She also alleged that her former husband had agreed to relinquish custody to her when her circumstances improved so that she could care for the child, but that he had refused to do so and had instead relinquished custody to his parents, Vernon and Aimee Carver, who had filed a petition seeking temporary custody of the child.

Following a hearing on the mother's petition for writ of habeas corpus, the trial court determined that neither parent was fully capable of caring for the child and ordered that legal custody be vested in the Department of Family & Children Services of Hall County temporarily, with physical custody to the paternal grandparents and visitation rights to the maternal grandparents. The parents were allowed to visit the child only in the homes of either the paternal or maternal grandparents. The court

also requested a report on the parents from the Department of Family & Children Services.

On November 1, 1977, the trial court entered another temporary order continuing physical custody in the paternal grandparents with visitation rights to the maternal grandparents, but allowing the parents to visit the child outside the home of the paternal grandparents for a period not to exceed a night at a time, and granting the parents certain specific visitation rights during the Christmas holidays. The trial judge stated in the order that in making his decision he had "partially relied" on the report from the Department of Family & Children Services. The trial court overruled counsel's oral motion to be allowed to read that report, holding that *Anderson v. Anderson,* 238 Ga. 631 (235 SE2d 11) (1977) (which involved a juvenile court report), was not controlling where a report from the Department of Family & Children Services is requested by the court. The trial court also again referred the matter to the Department for an investigation of the circumstances of the parties and a recommendation to the court as to permanent custody of the child.

On July 20, 1978, the trial court entered a final order denying the mother's petition for writ of habeas corpus and granting permanent custody of the child to the father. The trial court based the award on evidence presented at "the several evidentiary hearings" including a final hearing held on May 23, 1978, and on its review of "the reports of the Department of Family and Children Services in this matter, all parties having consented to an evaluation by that Department." It should be noted that consent to an investigation and report by a social worker, without more, does not amount to a waiver of the right to examine the report and interrogate the investigator. Cf. *Haralson v. Moore,* 236 Ga. 131 (1, 2) (223 SE2d 107) (1976).

The mother appeals, enumerating as error the grant of permanent custody to the child's father, and the trial court's having based its findings on the Department of Family & Children Services reports not made available to her. She relies in the latter enumeration on *Anderson v. Anderson,* supra. In *Anderson,* we held (238 Ga. 632) that

"It is error ... for the issue of child custody to be decided on the basis of [a report of the juvenile court] where either parent is denied access to the report and is thereby denied a hearing and the right to examine witnesses in an effort to refute the report." That rule of fundamental fairness applies with equal force to reports such as that of the Department of Family & Children Services at issue here. Therefore, in the absence of waiver, it was error for the issue of child custody to be decided on the basis of a report of the Department of Family & Children Services where the losing parent was denied access to that report. *Anderson v. Anderson,* supra; *Westmoreland v. Westmoreland,* 241 Ga. 552 (246 SE2d 672) (1978).

In view of this determination, we need not consider the other enumeration of error.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1978 — DECIDED NOVEMBER 8, 1978.

*John N. Crudup,* for appellant.
*Robert W. Lawson, Jr.,* for appellees.