## 60789. FLOWERS v. ROBINSON.

Deen, Presiding Judge.

This is an appeal by the natural mother of a 3 1/2 year old infant from the grant of a change of custody to the natural father, the appellee. The petition was filed in the Superior Court of Forsyth County and was transferred by it "for investigation and report" on July 3 to the Juvenile Court judge of that county. The latter held a hearing on July 10 and ordered a temporary change of custody on July 19. The following month he issued a Report of Investigation, stating that the case had been referred "for such action and disposition as to the court may be deemed appropriate" and that the report "follows the format of a Finding of Fact, Conclusions of Law, and Recommendation."

From the order of the superior court making the recommendations[1] of the juvenile court the order of that court, vesting permanent custody in the father and spelling out detailed provisions protecting the appellant's visitation rights, the latter appeals.

1. The enumerations complain that the final custody order fails to make findings of fact and conclusions of law; that the juvenile court, to which the case was transferred had no jurisdiction to issue a temporary order, and that it had no jurisdiction to make the findings of fact and conclusions of law on which the recommendations were based.

(a) We note that the superior court order transferring this case to the juvenile court for investigation also provided for custody in the appellee father pending the report, and that the final order of the superior court placed permanent custody in the appellee. Whether or not the order of the juvenile court, which also placed temporary custody in the appellee, was within the authority granted by the transfer is now moot and will not be considered further.

(b) No logical reason has been suggested why, when the case was referred to the juvenile court for investigation and report, the report following the investigation, conducted as a trial, should not be subsumed under the categories of statement of facts, conclusions of law, and recommendations. There is no indication that the juvenile court exceeded its jurisdiction.

(c) It should be noted that a transcript of the evidence taken before the juvenile court was preserved, transcribed, and made available to both parties and to the superior court judge, as also was the report of the juvenile court judge. This frees this case from the errors noted in *Anderson v. Anderson,* 238 Ga. 631 (235 SE2d 11) (1977) and *Westmoreland v. Westmoreland,* 241 Ga. 552 (246 SE2d 672) (1978) where copy of the report was not made available to the parties. In addition the superior court judge held a hearing after the case was returned to him in which both sides had an opportunity to point out to him directly any errors they felt might exist in the transcript, the report, or the consideration of relevant case law. It is true that it is obligatory on the judge of the superior court to include findings of fact and conclusions of law in his final judgment. *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975). As we read the final judgment in this case we are convinced that the superior court judge intended, in adopting the recommendations made by the juvenile

---

[1] That custody be awarded to the father, with reasonable visitation rights granted to the mother.

court judge, to also adopt as his own the clear and thorough findings of fact and conclusions of law included in the investigative report. This, however, was omitted, and we direct that the trial court, upon the return of the remittitur in this case, either make new findings of fact and conclusions of law or, if such was his intention, adopt as his own those proposed by the juvenile court judge.

2. The evidence establishes without contradiction that the parents of this three-year-old child are both remarried, that the new stepfather frequently hit the child, that he "spanked" her with both his belt and a flyswatter on occasion, leaving black and blue marks on her body, that she was in fear of him, and that on the occasions when she was with her natural father or her paternal grandparents she resisted being returned to the mother's home. Under the circumstances of this case there was a change of condition since the divorce decree awarding custody to the mother, and the judge in granting the petitioner's prayers for a change of custody did not abuse his discretion.

*Judgment affirmed with direction. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 29, 1981 —
REHEARING DENIED FEBRUARY 11, 1981.

*Kenneth J. Vanderhoff, Jr.,* for appellant.
*Jane Kent-Plaginos,* for appellee.