22234. FAULK v. FAULK et al.

Argued October 15, 1963—Decided November 12, 1963.

*Jones & Douglas,* for plaintiff in error.

*E. L. Stephens, Jr.,* contra.

Grice, Justice. The issue here is the custody of a minor child. Its mother, Evelyn Butler Faulk, instituted a habeas corpus proceeding in the Superior Court of Twiggs County against its father, L. N. Faulk, and its paternal grandparents, C. R. Faulk, Jr., and Mrs. C. R. Faulk, Jr.

The mother, among other things, alleged that the father was illegally detaining their three year old child in the home of the grandparents, that for specified reasons neither the father nor the grandparents were proper custodians, that she has a home where she has the other minor child of the parties and is the proper person to have custody of this child, and that the welfare and best interest of the child require that its custody be awarded to her. The father and grandparents by their answers denied the material allegations of the petition and made counter charges

against the mother's claim of custody. Included in these was the father's assertion that the mother was not mentally or physically competent to care for the child, and that it would be for the best interest and welfare of the child that its custody be awarded to him. The grandparents alleged that if custody was given to the father, they would continue to permit him and the child to live with them in their home.

Pursuant to a hearing, at which voluminous evidence was introduced, the trial court awarded custody to the father, with specified visiting privileges to the mother. She assigns error upon that judgment.

The statutory mandate to trial courts in matters of this kind is: "In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may in exercise of its sound discretion, taking into consideration all the circumstances of the case, including the improvement of the health of the party seeking a change in custody provision, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly." *Code Ann.* § 74-107.

Our function in reviewing such awards has been stated thusly: "In a contest between the father and mother over the custody of a minor child in a habeas corpus proceeding the welfare of the child is of paramount consideration, and an award made by the judge based upon the evidence and in the exercise of a sound discretion will not be set aside." *Attaway v. Attaway,* 194 Ga. 448 (22 SE2d 50).

In assessing the evidence adduced by the parties here, we disregard many side issues involving marital discord and find the real issues to be (1) the mother's health and (2) the custodial plan of the father.

On the first issue, while the evidence was in some conflict as to what degree of convalescence the mother had made from ill-

nesses which required repeated hospitalization and extensive medical care, it amply authorized the conclusion that she had not improved sufficiently for the responsibility of the custody sought here.

On the second issue, the evidence amply established that the father was a fit and proper custodian and that the home of the grandparents, in which he planned to live with the child, was conducive to the child's welfare and happiness and in keeping with its spiritual, moral and physical needs.

We conclude that the record here fails to indicate any abuse of discretion in the award made by the trial court. Accordingly, its judgment must be and is hereby

*Affirmed. All the Justices concur.*